JOHN A. REED *v*. ROBERT REED.

[53 South. 691.]

1. TAX DEED. *No grantee named. Patent ambiguity.*

A tax deed which does not contain in its granting clauses any grantee and there is nothing in the deed to necessarily indicate the grantee, the deed is void.

2. SAME.

Parol evidence is not competent to fill in the name of the grantee in a deed conveying real estate which the law requires to be in writing.

APPEAL from the Chancery court of Washington county.

HON. M. E. DENTON, Chancellor.

Bill in chancery by John A. Reed against Robert Reed, to cancel a tax deed as a cloud upon his title. From a decree in favor of complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*Shields & Boddie,* for appellant.

It is an undoubted rule of law that a deed of real estate, to be effective as a conveyance, must designate a grantee; otherwise, no title passes. The designation of a grantee is just as necessary to the validity as the grantor and the description of the property. 9 Am. and Eng. Ency. Law, 132, states the rule as follows:

"The deed must designate the grantee; otherwise it is a nullity, and passes no title. If not named, the grantee should be so described as to be capable of being ascertained with reasonable certainty; and, if named, the name should be sufficient to identify the person intended, though it need not, as matter of law, be accurate in every respect." Numerous authorities have been cited by counsel in support of their construction of the deed under consideration. These cases are in point only so far as they declare general rules of construction. In none of them was the deed being considered identical in language with that before us. It is a general rule, applicable to all written instruments, that courts, in construing them, will, when possible, adopt a construction which will give effect, rather than one which defeats them. The Michigan court in *Newton* v. *McKay, supra*— a case quite similar to the case at bar,—uses this language: "It is undoubtedly true that, to construe a valid conveyance, the grant must in some way distinguish the grantee from the rest of the world. But is equally true that if, upon view of the whole instrument, he is pointed out, even though the name of baptism is not given at all, the grant will not fail. The whole writing is always to be considered, and the intent will not be defeated by false English, or irregular arrangement,

unless the defect is so serious as absolutely to preclude the ascertainment of the meaning of the parties through the means furnished by the whole document and such extrinsic aids as the law permits. It is not indispensable that the name of the grantee if given, should be inserted in the premises. If the instrument shows who he is, if it designates him and so identifies him that there is no reasonable doubt respecting the party constituted grantee, it is not of vital consequence that the matter which establishes his identity is not in the common or best form, or in the usual or most appropriate position in the instrument." In the above case the grantor was named as party of the first part, and one Genereaux as party of the second part. The grantee's name did not appear in the granting clause. It was held that, in as much as no other name appeared in the instrument, Genereaux was sufficiently identified as the grantee. The language which we have quoted from the opinion was expressly approved in *Vineyard* v. *O'Connor* (Tex. Sup.), 36 S. W. 424, and it states a generally accepted rule of construction. Tested by the foregoing, does the deed in question designate a grantee? We are clear that it does. It recites that the consideration was paid by John P. Walker. That fact alone raises a very strong, but perhaps not a conclusive presumption that he was intended as grantee. But we do not rest our conclusion on this presumption. But three persons are named in the deed. The first two—F. T. Walker and Maggie Walker—are grantors. The other person named is John P. Walker. The deed, after reciting that the consideration is paid by John P. Walker, declares that the grant is unto said———————————; that is, to some person or persons thereto named. The only person to whom it can possibly refer, is John P. Walker, for the grantors could not convey to themselves, and no other persons are named. Through a clerical omission, Walker's was not repeated in the blank in the granting

clause, but he had already been named, and, had the blank been filled, no other name than his could have been inserted. The language as it stands forbids it. Our conclusion is, that the deed designates John P. Walker by name as grantee with entire certainty, and is therefore a valid instrument.

Now we submit that there is absolutely no difference between the foregoing cases and the case at bar, except that this case is a tax deed. But why should that fact alone render the deed to Jno. A. Reed void? Is not the only person, to whom it can possibly refer as grantee, Jno. A. Reed? Is not Jno. A. Reed designated as grantee in the deed, with as great certainty as was John P. Walker in one case, and Genereaux in the other? Can any one doubt who was the purchaser—the grantee—in the deed? "Through a mere clerical omission, appellant's name was not repeated in the blank in the granting clause, but he had already been named, and, had the blank been filled, no other name than his could have been inserted. The language as it stands, forbids it."

*Moody & Percy,* for appellee.

Filed an elaborate brief fully covering the case and citing the following authorities: *Hennings* v. *Johnson et al.,* 84 N. W. 350; *Hardin* v. *Hardin,* 11 S. E. 102; *Allen* v. *Allen,* 51 N. W. 1472; *Allen* v. *Withrow,* 28 L. Ed. 94; *Bowers* v. *Andrews,* 52 Miss. 596; *Smith* v. *Brothers,* 86 Miss. 241; *Rainey* v. *Lumber Company,* 91 Miss. 690; *Bell* v. *Coats,* 56 Miss. 776; *Price* v. *Ferguson,* 66 Miss. 404; 1 Cyc. 1070, and *Green* v. *Mizelle,* 54 Miss. 220.

WHITFIELD, C.

On March 7, 1898, appellant purchased the land involved in this suit at a tax sale for the unpaid taxes of 1897; said land being assessed at that time to appellee. After an interval of two years he obtained a decree pro

confesso, afterwards made final, confirming his tax title.
Appellee continued in possession of the property, and
in April, 1909, appellant obtained a writ of possession.
Whereupon appellee filed this suit in chancery to re-
move appellant's claim of title as a cloud, and to cancel
the tax deed on the ground that it did not contain the
name of the grantee in the granting clause. The chan-
cellor held the tax deed to be void for the reasons stated,
and decreed in favor of the appellee.

The learned chancellor below was correct in holding
the tax deed void, because no grantee was named therein.
The case of *Hennings* v. *Johnson,* 9 N. D. 489, 84 N. W.
350, 81 Am. St. Rep. 588, does not commend itself favor-
ably to us, for the reasoning in that case was that be-
cause John P. Walker had been named as having paid
the consideration, and the words "unto said" preceded
the blank, the court held that the words "unto said"
necessarily referred to John P. Walker, and could have
referred to nobody else. We think this is a clear *non
sequitur.* The consideration is often paid by one party,
when the title is vested in another. And, what is more
remarkable, the words "unto said" in the North Dakota
case appeared in a blank printed form, and of course,
in such case, the printed words "unto said" imported
no intention to convey to any particular person.

In the deed in this case, there is nothing in the deed
which necessarily indicates the grantee. Resort would
necessarily have to be had to parol proof of extraneous
facts, which is not permissible in the case of a patent
ambiguity. See *Hardin* v. *Hardin,* 32 S. C. 599, 11 S. E.
102, *Allen* v. *Allen,* 48 Minn. 462, 51 N. W. 473, and *Allen*
v. *Whitrow,* 110 U. S. 128, 3 Sup. Ct. 523, 28 L. Ed. 94,
where it is said: "The deed in blank passed no interest,
for it had no grantee. The blank intended for the
grantee was never filled, and until filled the deed had
no operation as a conveyance." In *Bowers* v. *Andrews,*
52 Miss. 596, the court said: "The deed of a tax col-

lector, who sells *in invitum*, by virtue of power conferred by law, must in itself be sufficient to convey the thing sold. The deed cannot be reformed, so as to help out a defective description. There is no *aggregatio mentium.*" No parol evidence was competent to fill in the name of the grantee in a deed conveying real estate which the law requires to be in writing.

*Affirmed.*

Per Curiam. The above opinion is adopted as the opinion of the court, and for the reasons indicated therein the decree is affirmed.