(71 Misc. Rep. 566.)

### SAYLES v. QUEIROLO.

(Supreme Court, Trial Term, Oneida County. April, 1911.)

DEEDS (§ 32*)—REQUISITES—EXECUTION IN BLANK.

　　A deed by a person claiming title to real property, with a blank space for the name of the grantee, which is delivered to one in open and notorious possession of the property, with authority to insert his own name or that of any other grantee in the blank, passes the grantor's title and interest, though the deed was put in a safe with other papers, and the grantee died without ever having inserted any name in the blank.

　　[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 64; Dec. Dig. § 32.*]

Action by Burton E. Sayles, as executor and trustee of Louisa Sayles, against John C. Queirolo. Complaint dismissed.

Peter Ammon, for plaintiff.
Parker F. Scripture, for defendant.

DEVENDORF, J. The plaintiff can only hope to succeed herein upon the strength of his own title, for the reason that the defendant is not required to give up possession until the true owner demands it. Plaintiff bases his claim to the right of possession of the premises in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

question upon the fact that his testatrix, Louisa Sayles, received a deed thereof in 1876; and he further avers that she never thereafter parted with the title then received.

It is clearly established by the evidence that she was not in possession at that time, nor at any subsequent time. It further appears that Joseph I. Sayles, the defendant's source of title by mesne conveyance, was then in open, notorious possession as owner, and continued as such until the time of his death in September, 1900. It was further shown, by proof undisputed, that on the 19th day of December, 1878, plaintiff's testatrix executed a deed of said premises in blank and delivered it to said Joseph I. Sayles, who was then in possession and ostensible ownership, with verbal instructions to insert his own name or that of any other person therein as grantee. Sayles placed the deed, with the other muniments of title, in an envelope, and deposited the same in his safe, where it remained until his death; the grantee's name never having been inserted. His possession and open notorious occupancy continued, as stated, until he died. His children took possession of the property under his will, and later divided and conveyed it.

I am of the opinion that plaintiff's testatrix, Louisa Sayles, intended to and did part with her interest and title, whatever that may have been, in the premises, when she executed and delivered this deed with the instructions, above stated, to Joseph I. Sayles. His occupation and user were adverse and hostile to any claimed ownership on her part, and, with the deed and instructions accompanying it, effectually obliterated any and all interest Louisa Sayles had or ever possessed in the property. Vanderbilt v. Vanderbilt, 54 How. Prac. 250. Therefore the plaintiff, as executor or individually, never had or received any right or title in said premises.

The complaint is dismissed upon the merits, with costs.

Complaint dismissed.