[No. 8405.]

## McGrew v. Lamb.

1. Conveyance of Lands—*Not Naming Any Grantee*, conveys nothing. (463, 464.)

2. Appeal and Error—*A Correct Judgment*, will be affirmed, whether the theory of the court below was right or wrong. (464.)

*Error to Morgan District Court.* Hon. H. P. Burke, Judge.

Mr. James E. Jewel, for plaintiff in error.

Messrs. Johnson & Robinson, and Mr. Walter S. Coen, for defendants in error.

Chief Justice Gabbert delivered the opinion of the court.

Plaintiff in error commenced an action against defendants in error for a mandatory injunction to compel the defendant sheriff to issue him a certificate of redemption from a sale of lots under a special execution, and to cancel a quit claim deed purporting to convey the lots in question to defendant Goodman. At the conclusion of the testimony on the part of plaintiff, a motion by defendants for a nonsuit was sustained.

The only question necessary to determine is whether the testimony established that plaintiff had any interest whatever in the lots, for unless he had some interest, which under the statute relating to redemptions from execution sales would entitle him to redeem, the judgment should be affirmed. If he had any such interest it is by virtue of a deed executed by one Cook, in whom the title was vested, and delivered to a George T. Bennett with the name of the grantee blank. Bennett afterwards delivered this deed to S. W. Beggs in the same condition; and in which the name of the grantee never was inserted. Beggs was the grantor of plaintiff, and unless the above facts vested title in him, the title, according to the record, is in defendant Goodman. It is axiomatic that to every deed there must be at least two parties, one capable of conveying and the other of receiving, and that a deed without a grantee is practically no deed at all. Warvelle on Vendors, Sec. 481. Whether a deed which does not contain the name of a grantee is void, as held in some jurisdictions, need not be determined, for clearly it is invalid for any purpose, and does not pass any interest until the name of the grantee is inserted therein. *Allen vs. Withrow,* 110 U. S. 119, 28 L. Ed. 90, 3 Sup. Ct. 517; *Lund vs. Thackery,* 18 S. D. 113, 99 N. W. 856; 13 Cyc. 540. See also *Herr vs. Denver M. & M. Co.,* 13 Colo. 406, 22 Pac 770, 6 L. R. A. 641, where the question is discussed to some extent.

The deed from Cook delivered to Bennett did not name a grantee. In this condition Bennett delivered it to Beggs,

and the name of a grantee never was inserted, so that in the circumstances of this case Beggs never acquired any title and his deed to plaintiff conveyed nothing.

Other question are argued by plaintiff in error which in our opinion are without merit and need not be considered.

The learned trial judge appears to have decided the cause upon a question other than the one we have based our conclusion upon. Whether his theory was right or wrong is immaterial when his conclusion was unquestionably correct. The judgment of the District Court is affirmed.

*Judgment affirmed.*

·Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.