BARRON *et al. v.* EASON *et al.*

(In Banc.    March 11, 1946.    Suggestion of Error Overruled May 13, 1946.)

[25 So. (2d) 188.    No. 35981.]

Hathorn & Hathorn, of Hattiesburg, for appellants.

Hall & Hall, **T. B. Davis, Philip Singley,** and **Bernard Callender,** all of Columbia, for appellees.

744

Argued orally by **F. C. Hathorn, Sr.**, for appellants, and by **Lee D. Hall** and **Bernard Callender**, for appellees.

**Roberds, J.**, delivered the opinion of the court.

Appellants, by their bill in this cause attack the legality of a tax sale to the state of a section of land located in Marion County and the validity of the title claimed by appellees under a state patent thereto. Appellants were grantees of the owner of the land at the time of the sale. Appellees say the tax sale was valid and they have a legal title under the state patent, but, if not, that they have a good title by adverse possession under Chapter 196, Laws of 1934, Sec. 717, Code 1942. The chancellor decided in favor of appellees.

The first attack upon the legality of the tax sale is that no valid tax levy was made by the supervisors for the year 1928, under which levy the land sold for taxes. The specific objections are that the order of the supervisors did not (1) order the tax rates expressed in mills or fractions of a mill; and (2) did not specify in their order that the taxes were to be collected upon each dollar of valuation as shown by the assessment rolls of the county.

The first contention has much merit. Chapter 253, Laws of 1920, under which this levy was made, provided

that the supervisors "Shall order the tax rates each expressed in mills or fraction of a mill . . . " The order for the levy in this case reads:

"Tax Levy for Fiscal Year 1928:

"In the matter of the levy for the fiscal year 1928 for the collection of taxes in Marion County, Mississippi, it is ordered that the levy for the fiscal year 1928, is hereby fixed as follows:" Then follows, each on a separate line, the objects of the levy and to the right a figure, which figure supposedly represents the number of mills and fractions thereof. For instance, the first and second lines read:

"General County ................... 6"

"Road Building Bond Redemption .....10¾",

and so on through the various purposes covered by the levy. At the end of the order made that day appears these words: "Balance of levy to be fixed Tuesday, November 13th."

The order of November 13th recites:

"Levy Completed:

"Coming on for consideration the completion of the tax levy for the school districts of said county for the year 1928, it is hereby ordered that the following levy be made for said year, to wit: . . . "

Then follows, each on a separate line, the objects of the levy and the rate for each object, duly expressed in mills and fractions thereof. As illustrative, the first line reads:

"Hickory Grove Consolidated School ...... 10 mills."

Appellants assume that these orders, although considered together, do not expressly fix the rate in mills. They say the statute is mandatory that this be done, else it cannot be known whether the rate is fixed in dimes, dollars or doughnuts, and if there is a doubt about the matter, this doubt must be resolved in favor of the taxpayer, citing Chickasaw County v. Gulf M. & O. R. Company, 195 Miss. 754, 15 So. (2d) 348; Gulf & Ship Island R. Company v. Harrison County, 192 Miss. 114, 4 So. (2d)

717. They rely upon the latter case. That case does reannounce the rule that taxing statutes are construed in favor of the taxpayer and against the taxing power, and doubts are resolved in favor of the former. However, it did not deal with the question under consideration. It passed upon the validity of a levy under Chapter 28, Ex. Session 1938, requiring supervisors, in making levies, to specify in the orders the objects to which each fixed levy should apply, including eight objects, and which order under construction did not so specify. We held the assessment void because (1) the statute was mandatory; (2) the taxpayers were entitled to know the objects for which they were paying taxes; and (3) the amount of the levy for each object.

As against these contentions, appellees urge that the statute requires the levy to be made in mills, and that the supervisors had no power to designate, intend, or mean, any other denomination, and that the statute must be read into the order; that it is common knowledge that for time immemorial such levies have been based only upon mills and that these two orders taken together show that the rate was fixed in mills. Had the orders been reversed, and the last preceded the first, there could be little doubt that, considered and construe together, they fixed the rates in mills. We think, under all the circumstances, that should be the construction in their present form. The caption to the first order is "The Levy for Fiscal Year 1928"; then follows the objects and rates in figures, and at the end of the order that day is the recital "Balance of levy to be fixed Tuesday, November 13th." Preceding the next order is "Levy Completed," and then the order recites it is a completion of the tax levy for 1928, specifying the objects and naming the rate in mills and fractions thereof. The two orders expressly connected make each a part of the other, and together constitute one order, and we believe a fair and reasonable construction is that all the figures indicate mills, all being

in the same vertical column and part of them being expressly designated as mills.

As to the second question, Chapter 253, Laws 1920, under which the assessment was made, does not require the order of the supervisors to specify that the taxes are "to be collected upon each dollar of valuation, upon the assessment rolls of the county, for county taxes." That provision is a direction to the collector and not the supervisors.

Before leaving this question, we are constrained to again caution supervisors to make their orders full, comprehensive and clear, and have them prepared with great care, so that the public business may be settled and that illegal results and expense and annoyance to the people may be avoided. While we uphold the foregoing order under all the circumstances here, we in no manner commend it.

It is next said the sale was void because the tax collector, who made the sale September 2nd, did not file his list of the lands sold to the state until September 7th, the statute then requiring the list to ". . . be immediaely filed in the office of the clerk . . ." Section 8297, Hemingway's Code 1927. Appellants cite Salter v. Polk, 172 Miss. 263, 159 So. 855; Fairly v. Albritton, 121 Miss. 714, 83 So. 801; and Gee v. Tucker, 127 Miss. 866, 90 So. 712, 713. The first case was decided on demurrer, and it is not clear how many days elapsed before the filing of the deed. In the Fairly case there was a delay of thirty-four days, which the Court held invalidated the sale. In the Gee case there was a delay of nine days. The deputy sheriff testified that he could have made out his list in four or five hours and there was no excuse shown for the delay, the Court saying "No reason or excuse is shown for the delay of nine days," and held the sale void. The Court in that case defined the word "immediate" to ". . . [mean] that the filing must be done as soon as practicable, under the circumstances, after the sale."

In the case at bar, there were one hundred and fifty-six sales to the state and seventy-three to individuals, a total of two hundred and twenty-nine. The collector commenced the sales on September 2nd, and the statute required him to continue from day to day thereafter until all lands delinquent for taxes had been sold. He properly showed on his list that all of these sales took place on September 2nd, yet it would seem impossible, as a matter of fact, for him to have made two hundred and twenty-nine sales between eleven o'clock in the morning and four o'clock in the afternoon of one day. Some of the lands evidently were in large tracts. The land in controversy constituted one entire section. It was his duty to first offer forty acres, and if that parcel did not produce the taxes due on the entire tract, then to add another forty and so on until the entire amount of the taxes, costs, etc., were produced. No doubt it actually required some two or three days to make all of these sales. But, in any event, we cannot say that the filing of this list within five days after the beginning date of these sales violated the statute and rendered all tax sales in the county void, especially since we do not clearly grasp the importance of the reason impelling the enactment of so drastic a requirement, which might so often lead to the disastrous result of invalidating all tax sales throughout the county, although all of them might be entirely regular and legal in all other respects.

The certificate of the tax collector attached to the list of state sales filed with the chancery clerk stated that the sales were made September 2, 1929, ". . . for delinquent taxes for the fiscal year 1929, pursuant to the requirements of law." Appellants, in an amendment to their bill, say the recital that the sales were made for delinquent taxes for 1929 rendered all of the sales void, because (1) oral proof is not admissible to show that the sales were for the year 1928; and (2) the chancery court has no power to permit the true facts to be shown and to reform this list in accordance therewith. Appel-

lees reply that this is not an effort to reform the list but to show that the recital is a clerical error, which fact is shown by the certificate itself and also by an abundance of record and documentary evidence and no resort to parol is necessary, and that appellants are not in position to invoke the parol evidence rule because their entire case is grounded upon an attack upon the validity of the tax levy for 1928, which is necessarily an admission that the recital in the certificate was a clerical error.

On the question of the competency of oral evidence to contradict this certificate appellants rely upon Reed v. Reed, 98 Miss. 350, 53 So. 691, Ann. Cas. 1913A, 1194; Bower v. Chess Company, 83 Miss. 218, 35 So. 444, and Cox v. Richerson, 186 Miss. 576, 191 So. 99, 124 A. L. R. 1138. The only parol evidence offered was that of Mr. Hollis Elzy, the deputy tax collector who made the sales, who was permitted over objection of appellants to say that the sales were for 1928 and not 1929. There was a great abundance of record and documentary evidence showing this fact without the necessity of this oral testimony; therefore, it is not necessary for us to, and we do not, in this case, pass upon the competency of that parol testimony. The record evidence will be set out later herein.

On the question that a tax collector's deed cannot be reformed, able counsel for appellants cite Bowers v. Andrews, 52 Miss. 596; French v. McAndrew, 61 Miss. 187; Bower v. Chess Company, 83 Miss. 218, 35 So. 444, and Cox v. Richerson, 186 Miss. 576, 191 So. 99, 124 A. L. R. 1138.

In the Bower case, the deed was void for uncertainty in the description of the land, and the Court held parol evidence was not admissible to show the correct description.

In French v. Andrews and Bower v. Chess, the Court referred to the fact that the contestants had not admitted that the recital of the wrong years was a clerical error, and in the Chess case Judge Whitfield called attention to

Hardie v. Chrisman, 60 Miss. 671, wherein the Court said: "The admitted fact that the sale was made for the taxes of 1866, and not 1867, as erroneously recited in the deed, freed it from all objection because of the clerical error by which it was made to show that the sale was for the taxes of 1867." The deed in that case was dated July 1, 1867, and erroneously recited that the sale was for taxes for 1867, when, as a matter of fact, it was for the taxes for 1866, exactly the same situation we have in the case at bar. Judge Whitfield also called attention to Brigins v. Chandler, 60 Miss. 862, 866, where he says it was admitted that the erroneous delinquent year recited in the deed was a clerical error.

Now, dealing with the facts in the case at bar, as applied to the point under consideration, appellants, as complainants below, grounded their cause largely on the invalidity of the proceedings of the supervisors in making the tax levy for the year 1928. Time and again they stated in their bill that the sale in 1929 was for the taxes for 1928. For instance, they said there was ". . . a pretended sale of said lands by the Tax Collector of Marion County, Mississippi, to the State for taxes alleged to be due and delinquent on said lands for the year 1928, which pretended sale was had on September 2, 1929, a record of which is in Tax Sales Record Book No. 2 at Page 81, of the records of lands sold for delinquent taxes in Marion County." They further say that the supervisors equalized the taxes for the year 1928, and they attack that proceeding. Again the bill, in raising the question that the list was not filed immediately, says "The said pretended tax sale on September 2, 1929, for the alleged taxes of 1928 . . . "; further, that the time for selling lands delinquent for 1928 was the first Monday in April, 1929, but the supervisors fixed September 2, 1929, as the date of such sale. It is also alleged that September 2, 1929, was "the date on which the Tax Collector pretended to sell said lands to the State for taxes alleged to be due and delinquent for the year 1928." The

bill exhibited a copy of the tax levy for 1928 for the purpose of showing the levy was not made in mills, as shown in the discussion of that question above. It also exhibited a copy of the order approving the assessment for 1928, and of the notice in the newspaper to the taxpayers that the assessment had been equalized for 1928. The answer of appellees is directed alone to the tax for 1928. In other words, the entire case made by the pleadings is grounded solely and alone on the levy for 1928 and the sale on September 2, 1929, for delinquent taxes for 1928.

In addition to this, appellants themselves introduced the tax record book of the chancery clerk, and the clerk, in response to a question by counsel for appellants ''does it show a sale of the Tax Collector on September 2, 1929, for 1928 taxes?'' replied ''Yes, sir''; the list of sales to individuals made September 2, 1929, and the chancery clerk testified that the sales to individuals for 1928 were made at the same time as the sales to the state. Appellants introduced the applications for the patents under which appellees claim, which applications recited that the sales for delinquent 1928 taxes were made September 2, 1929.

Appellees introduced the newspaper notice of intention to sell delinquent lands September 2, 1929; the original undelivered receipt made out to the owner of the lands in controversy, which had marked upon it ''State 1928''; a certified copy of the list transmitted by the chancery clerk to the Land Commissioner, and the clerk's record of such sales, all showing that the sale made September 2, 1929, was for delinquent taxes for 1928. The only oral evidence of the fact that the sale in question was for 1928 was that of the chancery clerk elicited by appellants, as shown in the paragraph next above, and that of Elzy, the deputy sheriff who made the sales, elicited by appellees, that the sales were for the year 1928. It is thus seen (1) the entire case of appellants was grounded by their pleadings on a sale for 1928; (2)

that the entire proof, most of which was made by appellants, showed that fact; and that (3) all of the proof on that fact, except the oral statements of the clerk and the collector, as just set out, consisted of records and documents; and (4) that every allegation in the pleadings and every record and document showed that the statement of the collector in his certificate that the sale was for 1929 was erroneous. Thus appellants have not only admitted but have proved conclusively by record evidence that such statement was a clerical error and have brought themselves within the quoted rule from Hardie v. Chrisman, supra. It might be added further that the certificate itself shows this was a clerical error, because no sale could have been made on September 2, 1929, for taxes delinquent for 1929, because there was then no delinquency for taxes for 1929.

In the Cox case, supra [186 Miss. 576, 191 So. 103], the Court said ". . . he may not accept a deed showing on its face a void sale and then reform the deed to show facts contrary to the recitals of the deed." That principle would not apply to appellees here. They did not accept a deed so reciting. The record of this sale in the office of the chancery clerk; the collector's list certified to the Land Commissioner by the clerk; the record of the sale in the Land Commissioner's office; and the applications for the patents, all showed the sale was for 1928. No question of estoppel, if the quoted rule imposes such a doctrine, could apply to appellees under the facts of this case.

Lastly, it is contended by appellants that the list of lands struck off to the state shows there were two sales of contiguous lands assessed to one owner in violation of Sections 6962 and 5268 Hemingway's Code 1917 then in force. An eighty-acre tract in Section 30, contiguous to Section 29, was owned by, and assessed to, the same person as Section 29 and the foregoing statute required that if a sale of the lands was made in an entirety that there be only one sale of these contiguous tracts. The

proof made by the list and the certificate in this case as to whether there was one or more sales is exactly the same proof shown by the list and certificate in State v. Wilkinson, 197 Miss. 628, 20 So. (2d) 193, and we held in that case that this proof was insufficient to show that more than one sale was made. In the case at bar, the collector also testified that he made only one sale (no such testimony having been given in the Wilkerson case), so that if this oral evidence is disregarded as being incompetent, as contended for by appellants, there is left the same record evidence on the fact in dispute as existed in the Wilkerson case, and to sustain the contention of appellants, we would have to overrule the Wilkerson case, which we are not willing to do.

We, therefore, conclude that this was a legal tax sale and that appellees have a valid title to the lands in question as against appellants.

This makes it unnecessary for us to decide whether appellees have title by adverse possession.

Affirmed.