BRINSTON, et al. *v.* WILLIAMSON.

Division A. Jan. 14, 1952.

No. 38144 (56 So. (2d) 21)

Truly & Truly and Matthew Harper, Jr., Assistant Attorney General, for appellants.

**B. D. Statham,** for appellee.

Affirmative argument for appellee.

**Holmes, C.**

Appellee filed his original bill in the Chancery Court of Jefferson County seeking to confirm his asserted title to the East half of the Southwest quarter of Section 18, Township 9, Range 5 East, in said county, alleged to have been acquired under and by virtue of a forfeited tax land patent from the State of Mississippi. The state was named as a defendant to the action, as were also the heirs at law of Aaron Brinston, deceased, to whom the land was assessed for taxes at the time of the sale thereof to the state. The state filed its answer averring fraud in the procurement of the patent arising out of alleged misrepresentations in the application for the patent, and incorporating in its answer a cross-bill seeking the cancellation of the patent. The individual defendants answered attacking the validity of the tax sale. At the conclusion of the hearing, the chancellor entered his decree granting the prayer of the original bill and dismissing the cross-bill of the State.

The evidence on the issue of fraud in the procurement of the patent was conflicting and we are unable to say that the chancellor was manifestly wrong in deciding this issue adversely to the contention of the State.

■■ The record discloses that the land in question was sold to the State on April 4, 1932 for the non-payment of taxes thereon for the year 1931. There was no redemption of the land and the State's patent was issued to appellee on November 1, 1941. Appellants contend on this appeal that the tax sale was void for several reasons. First, it is contended that the assessment rolls for the years 1930-1931 were void because there was not on file with the board of supervisors the proof of publication of the notice to taxpayers advising of the meeting at which

objections to the assessment rolls would be heard and considered. The order approving the assessment rolls adjudicated that such notice had been duly given and the proof was insufficient to show the contrary or to establish the fact that proof of publication of such notice was not duly on file. We think that the case of Pinkerton et al. v. Busby, Miss., 42 So. (2d) 387, decides this contention adversely to the appellants. The same question was there presented and the Court said: ''In other words, the order of the board expressly adjudicated the ultimate jurisdictional fact that such notice, which, on its face, complies with the requirements of law, was in fact published, as above stated.

''Assuming that the notice was in fact published in the manner above stated, as we are entitled to assume from the adjudication of the board of supervisors on its minutes to that effect, in the absence of any proof in the record before us to the contrary, we are of the opinion that the adjudication is sufficient to have conferred jurisdiction on the board of supervisors to hear any objection to the assessment and to approve the assessment roll.''

 It is further contended by the appellants that the tax sale was void because the published notice to the taxpayers showed on its face that it was adopted after the adjournment of the meeting of the board of supervisors. The record shows that the order of the board of supervisors directing the notice to be given was adopted by the board on July 23, 1930. It is true that the published notice was dated July 25, 1930, but the order directing that the notice be given was adopted as shown by the record before the adjournment of the board on July 23, 1930. We find no merit, therefore, in this contention.

 It is further argued on behalf of the appellants that the tax levy for the year 1930 was void because the order of the board of supervisors making the levy did not specify that the valuation was based on the assessment roll of the county. This contention on the part of

appellants is decided adversely to them by the case of Barron v. Eason, 199 Miss. 739, 25 So. (2d) 188, wherein it was held that the statute does not require the order of the board of supervisors to specify that the taxes are to be collected upon each dollar of valuation upon the assessment rolls of the county for county taxes, and wherein it was further held that such provision of the statute is a direction to the collector and not the board of supervisors.

We are accordingly of the opinion that the decree of the court below is correct and that it should be, and it is, affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.