# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-KA-01482-SCT

*MICHAEL DEARK GARDNER a/k/a YAKIM*
*ANANIAN EL BEY a/k/a ANANIAN EL BEY a/k/a*
*YAKIM EL BEY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/27/2014 |
| TRIAL JUDGE: | HON. MICHAEL H. WARD |
| TRIAL COURT ATTORNEYS: | W. CROSBY PARKER |
| | SHUNDRAL COLE |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY: LISA D. COLLUMS |
| | ANGELA B. BLACKWELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1. Michael Gardner was tried and convicted of possession of more than thirty grams but

less than one kilogram of marijuana, with intent to distribute. The trial judge sentenced him

to ten years, day for day, as an enhanced habitual offender.[1]  Gardner appeals, arguing that "a penalty for [his] convicted offense no longer appeared" in the relevant drug statutes when he was sentenced.  We disagree and affirm the judgment of the Harrison County Circuit Court.

## FACTS AND PROCEDURAL HISTORY

¶2.     Deputies from the Harrison County Sheriff's Department arrested Michael Gardner and charged him with possession of marijuana with intent to distribute.  Gardner subsequently was indicted for that offense: "Michael Deark Gardner . . . on or about October 5, 2012 did knowingly, wilfully, unlawfully and feloniously possess more than 30 grams but less than one kilogram of marijuana, a Schedule I controlled substance, with the intent to transfer or distribute the said controlled substance . . . ."

¶3.     Prior to trial, the State moved twice to amend Gardner's indictment.  The State first moved that the indictment be amended to reflect that Gardner was a habitual offender under Mississippi Code Section 99-19-81,[2] and it then moved that the indictment be amended to reflect that Gardner was a subsequent drug offender under Mississippi Code Section 41-29-

---

[1]Gardner had been convicted twice before of the felonious transfer of a controlled substance, both under cause number B2401-2005-506 in Harrison County.

[2]"Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation."  Miss. Code Ann. § 99-19-81 (Rev. 2007).

147.[3] The trial judge granted both motions, and Gardner does not challenge either of the amendments on appeal.

¶4. Gardner went to trial on August 27, 2014, the jury returned a guilty verdict that day, and the trial judge sentenced Gardner to serve ten years, day for day. Gardner filed two post-trial motions: a motion for acquittal notwithstanding the verdict or, in the alternative, for a new trial; and a motion to vacate sentence. Gardner argued that his "alleged crime and its corresponding sentence [were] no longer codified," and that "any enhancement pursuant to § 41-29-147 [was] improper as there is no longer a sentence provided at law by § 41-29-139 for [his] indicted offense, and therefore, no sentence to enhance."

¶5. The trial judge held a hearing on Gardner's motions, and he entered an order the next day denying the motions. Gardner now appeals to this Court and presents one issue, which we recite verbatim:

> On August [27], 2014, the appellant was sentenced to serve 10 years as an enhanced, habitual offender subsequent to his conviction at trial for possession with intent of more than 30 grams of marijuana, but less than, 1 kilogram of marijuana, pursuant to M.C.A. §41-29-139. However, when H.B. 585 was passed on July 1, 2014, a penalty for the appellant's indicted/convicted offense no longer appeared in said statute. Appellant's sentence must be vacated.[4]

---

[3]"Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both. For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs." Miss. Code Ann. § 41-29-147 (Rev. 2013).

[4]Gardner does not ask this Court to reverse his conviction. Rather, he asks this Court to enter an "Order/Opinion that directs that [he] be immediately remanded to the Circuit

3

¶6.     The interpretation of a statute presents a question of law, which this Court must review de novo.  **Coleman v. State**, 947 So. 2d 878, 880 (Miss. 2006).

¶7.     Section 41-29-139(a)(1) of the Mississippi Code defines the crime for which Gardner was indicted and convicted here: "Except as authorized by this article, it is unlawful for any person knowingly or intentionally:  To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance."  Miss. Code Ann. § 41-29-139(a)(1) (Rev. 2013).  The Legislature did not change this language in the 2014 amendments.  So, to the extent that Gardner is arguing that his *crime* is no longer codified, that is easily dismissed, as this language remained the same during Gardner's arrest, indictment, conviction, and sentence.

¶8.     But the *penalties* for this crime have changed.  Prior to July 1, 2014, the Mississippi Code provided for two separate sentences for offenders convicted of possession with intent to distribute the amount of drugs at issue here (more than 30 grams but less than 1 kilogram).  At that time, a subsequent drug offender could have been sentenced to up to thirty years in prison:

> (b) Except as otherwise provided in subsections (f) and (g) of this section or in Section 41-29-142, *any person who violates subsection (a) of this section shall be sentenced as follows*:
>
> (1) *In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115*, except thirty (30) grams or less of

Court of Harrison County for re-sentencing in conformity with the statute—i.e., finding [him] guilty of the offense charged in the Indictment, with no sentence reflected in said Order as there is no sentence that can be imposed for the charged offense."

marihuana or synthetic cannabinoids, and *except a first offender* as defined in Section 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than thirty (30) grams of marihuana of synthetic cannabinoids, *such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000) nor more than One Million Dollars ($1,000,000), or both.*

Miss. Code Ann. § 41-29-139(b)(1) (Rev. 2013) (emphasis added).

¶9.    And a first-time offender could have been sentenced to up to twenty years in prison:

(2) *In the case of a first offender* who violates subsection (a) of this section with an amount less than one (1) kilogram but more than thirty (30) grams of marihuana or synthetic cannabinoids as classified in Schedule I, as set out in Section 41-29-113, such person is guilty of a felony and, upon conviction, may be imprisoned for not more than twenty (20) years or fined not more than Thirty Thousand Dollars ($30,000), or both.

Miss. Code Ann. § 41-29-139(b)(2) (Rev. 2013) (emphasis added).

¶10.    The Legislature substantially amended these penalty sections in 2014, and the amendments took effect on July 1, 2014.  Section 41-29-139(b) now states, in pertinent part:

(b) Except as otherwise provided in Section 41-29-142, any person who violates subsection (a) of this section in the following amounts shall be, if convicted, sentenced as follows:

(2) In the case of a first offender who violates subsection (a) of this section with an amount less than one (1) kilogram but more than thirty (30) grams of marijuana or synthetic cannabinoids as classified in Schedule I, as set out in Section 41-29-113, such person is guilty of a felony and, upon conviction, may be imprisoned for not more than five (5) years or fined not more than Thirty Thousand Dollars ($30,000.00), or both;

Miss. Code Ann. § 41-29-139(b)(2) (Supp. 2014).

¶11.    Gardner argues—and he is correct—that Section 41-29-139(b), as amended, no longer contains a penalty for a subsequent offender who possesses more than thirty grams but less than one kilogram of marijuana with intent to distribute.  As such, Gardner argues that "there

5

is no sentence available at law to sentence [him] under as the sentencing provision for *non-first time offenders* who possessed more than thirty (30) grams but less than one (1) kilogram of marijuana in violation of § 41-29-139(a) was omitted by the legislature in H.B. 585," and that his sentence should therefore be vacated.

¶12.    We disagree.    The enhancement statute—which was left unchanged by the amendments—provides that a subsequent offender may be imprisoned for up to twice what is "otherwise authorized."  *See* Miss. Code Ann. § 41-29-147 (Rev. 2013).  And what is "otherwise authorized" refers to what Gardner would have received for the amount of drugs at issue here if he was a first-time offender; which is up to five years.  *See* Miss. Code Ann. § 41-29-139(b)(2) (Supp. 2014).

¶13.    Gardner also argues that "the State could not enhance [his] sentence under § 41-29-147 [i.e., double it] as the current law provides no penalty for offenders convicted of possession with intent [of] more than thirty (30) grams but less than one (1) kilogram of marijuana **unless** they are first offenders . . . .Hence, there is no penalty available for the State to enhance pursuant to § 41-29-147."  Said differently, Gardner would have this Court interpret the enhancement statute to mean that a subsequent offender would receive twice the penalty for that "otherwise authorized" *for a subsequent offender*—a penalty classification that no longer exists in the statute following the 2014 amendments.

¶14.    After careful review, we reject the interpretation of the enhancement statute advanced by Gardner.  Prior to the 2014 amendments, a subsequent offender potentially could get *sixty years* for the crime of which Gardner is convicted here—the judge could sentence him to up

to thirty years for possessing with intent this amount of drugs, and the State could seek to double that penalty via the enhancement statute, Section 41-29-147. Now, as applied by the trial judge in this case, the term "otherwise authorized" is the penalty otherwise authorized *for the amount of drugs at issue*—here, that is up to five years, as codified by Section 41-29-139(b)(2). In our view, that is the correct interpretation.

¶15.    In short, we find that the trial judge did not err when he sentenced Gardner to serve ten years, day for day. Gardner was sentenced as both a subsequent drug offender and a habitual offender. Under Section 41-29-139(b)(2), a first-time offender may be imprisoned for up to five years. Because Gardner was a subsequent drug offender, the trial judge was allowed to sentence him to a term up to "twice that otherwise authorized." And as Gardner also was a habitual offender, the trial judge was required to sentence him to the maximum punishment available, to be served day for day. So Gardner's ten-year, day-for-day sentence was not unlawful.

## CONCLUSION

¶16.    The trial judge's decision to sentence Gardner to ten years, day-for-day, was lawful under the subsequent-offender statute and the habitual-offender statute, and we therefore affirm the judgment of the Harrison County Circuit Court.

¶17.    **CONVICTION OF POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE OF TEN (10) YEARS TO BE SERVED DAY FOR DAY, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. APPELLANT SHALL NOT BE ELIGIBLE FOR PAROLE OR PROBATION.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.**

**KITCHENS, JUSTICE, DISSENTING:**

¶18.    Because the majority misapplies Section 41-29-139 of the Mississippi Code, I respectfully dissent.

¶19.    Generally, when interpreting statutes, this Court can utilize the intent of the legislature or the relevant act's practical application to aid in our interpretation. *See Thornhill v. Ford*, 213 Miss. 48, 56 So. 2d 23, 30 (1952) ("It is the duty of the Court to give to construing acts their practical application so far as possible, unless inconsistent with the obvious intent of the legislature or repugnant to the context of the statute.") (citation omitted); *Bd. of Educ. v. Mobile & O. R.R. Co.*, 72 Miss. 236, 16 So. 489, 489 (1895) ("It is familiar learning that, in the construction of statutes, courts chiefly desire to reach and know the real intention of the framers of the law, and, reaching and knowing it, then to adopt that interpretation which will meet the real meaning of the legislature, though such interpretation may be beyond or within, wider or narrower than, the mere letter of the enactment."). But we cannot liberally construe or reform statutes when we interpret penal statutes. When interpreting criminal statutes, our analysis is guided by the rule of lenity. The rule of lenity reflects a well-established precept "that penal statutes are to be interpreted strictly against the state and construed liberally in favor of the accused." *McLamb v. State*, 456 So. 2d 743, 745 (Miss. 1984). The rule of lenity "reflects not merely a convenient maxim of statutory construction. Rather, it is rooted in fundamental principles of due process." *Dunn v. United States*, 442

8

U.S. 100, 112, 99 S. Ct. 2190, 60 L. Ed. 2d 743 (1979); **Watts v. State**, 733 So. 2d 214, 240 (Miss. 1999).

¶20.     In this case, officers set up an arranged drug buy, searched Michael Gardner's car, and found 54.9 grams of marijuana.  Gardner was indicted for possession of more than thirty grams but less than one kilogram of marijuana with the intent to sell, under Section 41-29-139 of the Mississippi Code.  Section 41-29-139 provides:

> Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
>
> To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance.

Miss. Code Ann. § 41-29-139(a)(1) (Supp. 2014).  The jury returned a guilty verdict. Because Gardner was indicted and was convicted of possessing 54.9 grams of marijuana, the trial court sentenced Gardner under the following statute:

> (2) *In the case of a first offender* who violates subsection (a) of this section with an amount less than one (1) kilogram but more than thirty (30) grams of marijuana or synthetic cannabinoids as classified in Schedule I, as set out in Section 41-29-113, such person is guilty of a felony and, upon conviction, may be imprisoned for not more than five (5) years or fined not more than Thirty Thousand Dollars ($30,000.00), or both.

Miss. Code Ann. § 41-29-139(a)(2) (Supp. 2014) (emphasis added).  This code section is neither vague nor ambiguous.  It applies to offenders who are in possession with the intent to sell between thirty grams and one kilogram or marijuana. Because Gardner was in possession with the intent to sell 54.9 grams of marijuana, the amount of drugs which Gardner possessed falls within this provision of the statute.  This statute obviously applies

only to first-time offenders. Miss. Code Ann. § 41-29-139(a)(2) (beginning with the phrase "[i]n the case of a first offender . . . ."). Gardner, however, was not a first-time offender. He had two prior felony convictions for transfer of a controlled substance. As such, it is apparent that this statute does not apply to Gardner. A review of the totality of Section 41-29-139 reveals–and the majority concedes–that this statute does not provide a sentence for offenders who previously were convicted under this statutory scheme and who had been in possession with an intent to distribute between thirty grams and one kilogram of marijuana.

¶21. Furthermore, the State sought to enhance Gardner's sentence under Section 41-29-147, arguing that the court should sentence Gardner to double the prison term because he previously had committed a drug-related crime. Section 41-29-147 provides: "Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both." Miss. Code Ann. § 41-29-147 (Rev. 2013). The State's interpretation of these statutes is nonsensical. The State, in essence, is attempting to take a statutory penalty which applies only to first-time offenders and multiply it by two, because Gardner was a subsequent offender. The statute upon which the State relies for sentencing Gardner, Section 41-29-139(a)(2), does not provide a sentence for this case, because it applies only to first-time offenders, and Gardner is a subsequent offender. Thus, Section 41-29-147 is inapplicable to Gardner because no sentence under Section 41-29-139(a)(2) is "otherwise authorized" for the purpose of sentencing him.

¶22. The majority, without citation to precedent, seeks to adopt the State's interpretation and embrace this statutory *non sequitur* by holding that, "in this case, the term 'otherwise authorized' is the penalty otherwise authorized *for the amount of drugs at issue*." Maj. Op. ¶ 14. The rule of lenity requires that we resolve all statutory ambiguities in favor of the accused. *See McLamb*, 456 So. 2d at 745. This presumes that there is an ambiguity in the criminal statute. Here, the statute is unambiguous in that Section 41-29-139(a)(2) does not apply to Gardner because he is not a first-time offender. Miss. Code Ann. § 41-29-139(a)(2) (beginning with the phrase "[i]n the case of a first offender . . . ."). The majority overlooks an element of the sentencing statute. If the rule of lenity prohibits the Court from construing statutory ambiguities in favor of the State, it surely prevents our reforming unambiguous statutes for the purpose of disadvantaging criminal defendants. Although the legislature does not always choose language we like, it cannot be the role of this Court to repair the terminology chosen by the legislature in criminal statutes.

¶23. For Gardner to be sentenced properly, the Court must apply a sentencing statute under whichever element applies to the relevant criminal behavior. This easily is discovered by applying the sentencing provision for the lesser offense of simple possession of marijuana. Section 41-29-139(c) provides:

> It is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article.

11

Miss. Code Ann. § 41-29-139(c) (Supp. 2014). A violation of this code section, which is a lesser-included offense of the felony of which Gardner was convicted, possession with the intent to sell, can be punished as follows: "may be fined not more than One Thousand Dollars ($1,000.00), or confined in the county jail for not more than one (1) year, or both; or fined not more than Three Thousand Dollars ($3,000.00), or imprisoned in the State Penitentiary for not more than three (3) years, or both."[5] Miss. Code Ann. § 41-29-139(c)(2)(C) (Supp. 2014). Moreover, because Gardner previously has been convicted of a drug-related felony, Section 41-29-147 properly may be applied to this code section for the purpose of sentencing Gardner to six years of incarceration.

¶24. In sum, because the majority undertakes to reform an unambiguous statute for the purpose of disadvantaging a criminal defendant, I respectfully dissent.

**KING, J., JOINS THIS OPINION.**

---

[5] This code section applies to the possession of "marijuana or synthetic cannabinoids" in the amounts of "[m]ore than thirty (30) grams but less than two hundred fifty (250) grams." Miss. Code Ann. § 41-29-139(c)(2)(C) (Supp. 2014).