269 P.2d 1096

**COLE v. YOUNGER.**

**No. 5727.**

Supreme Court of New Mexico.

April 14, 1954.

Rehearing Denied May 17, 1954.

Robert W. Ward, Lovington, for appellant.

Neal & Girand, Hobbs, for appellee.

SEYMOUR, Justice.

In July, 1951, plaintiff-appellant stored certain household goods in the warehouse of defendant-appellee in Hobbs, New Mexico. A day or two later plaintiff, having found a home, requested return of the goods stored with defendant. Before defendant was able to deliver the furniture and effects to plaintiff, a fire occurred in the warehouse and plaintiff's belongings were destroyed. The fire was admittedly of unknown origin. Plaintiff sued the warehouseman for the reasonable value of the chattels in the amount of $3,500 and, at the conclusion of the testimony offered by defendant at jury trial, both parties having moved for a directed verdict, the court instructed a verdict for the defendant upon which judgment was entered; from the verdict and judgment plaintiff appeals.

The law in this case is controlled by the Warehouse Receipts Act adopted in New Mexico, Ch. 38, Laws 1909, being Secs. 53-801 to 53-860, 1941 Comp. Our New Mexico Act is substantially identical to the Uniform Warehouse Receipts Act.

The sections of this Act pertinent to the present controversy are:

Sec. 53-803, 1941 Comp.:

"Additional receipt terms—Restrictions. A warehouseman may insert in a receipt issued by him any other terms and conditions, provided that such terms and conditions shall not—

"(a) Be contrary to the provisions of this chapter (§§ 53–801—53–860);

"(b) In any wise impair his obligation to exercise that degree of care in the safe-keeping of the goods intrusted to him which a reasonably careful man would exercise in regard to similar goods of his own. (Laws 1909, ch. 38, § 3; Code 1915, § 5587; C.S.1929, § 148–103.)"

Sec. 53-808, 1941 Comp.:

"Obligation of warehousemen to deliver—Refusal or failure—Burden of establishing excuse.—A warehouseman, in the absence of some lawful excuse provided by this chapter (§§ 53–801—53–860), is bound to deliver the goods upon a demand made either by the holder of a receipt for the goods or by the depositor, * * *.

"In case the warehouseman refuses or fails to deliver the goods in compliance with a demand by the holder or depositor * * * the burden shall be upon the warehouseman to establish the existence of a lawful excuse for such refusal. (Laws 1909, ch. 38, § 8; Code 1915, § 5592; C.S.1929, § 148–108.)"

Sec. 53-821, 1941 Comp.:

"Liability for reasonable care of goods—Effect of contrary agreement. —A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in

regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care. (Laws 1909, ch. 38, § 21; Code 1915, § 5605; C.S. 1929, § 148–121.)"

Three questions require answer for disposition of this case:

▉ · (1) Does the Warehouse Receipts Act shift the burden of proof on the issue of the warehouseman's negligence from the plaintiff, on whom it usually rested at common law, to the defendant? Generally speaking, at common law the plaintiff was required to prove the negligence of the defendant warehouseman by a preponderance of the evidence in order to recover against him. Under the Uniform Warehouse Receipts Act, the courts of different states have followed two divergent theories: (a) That this Uniform Act does not change the burden of proof but simply places upon the defendant the procedural burden of going forward with the evidence after plaintiff has established a prima facie case by showing the storage, the payment of charges, demand for return of goods and failure of the warehouseman to make delivery. (b) That this Uniform Act places the burden of proof upon the defendant warehouseman, after the plaintiff has es-

tablished a prima facie case, thus requiring the warehouseman to establish by a preponderance of the evidence that he was free of negligence and exercised the precautions which a reasonably careful man would exercise with regard to similar goods of his own.

(2) In the instant case, did the defendant warehouseman meet the procedural burden or burden of proof placed upon him by our Warehouse Receipts Act?

(3) Was the trial court in error in taking the case from the jury by instructing a verdict for defendant?

The first question is one on which this Court has not passed; however, the exact legal question under the New Mexico statutes was decided by the United States Court of Appeals (10th Circuit) in the case of Denning Warehouse Co. v. Widener, 1949, 172 F.2d 910, 913, 13 A.L.R.2d 669, Judge Murrah specifically decided that under our Act, a defendant warehouseman has the burden of proof as to due care in the case of a fire of unknown origin.

▉ The above cited case is followed by an exhaustive annotation at page 681 of 13 A.L.R.2d, which annotation shows a definite cleavage in the authorities under the Uniform Act, with a slight preponderance of the case law in support of the proposition that the burden of proof is not changed by the Act from plaintiff to the defendant

warehouseman. This Court agrees with the strong minority view adopted by Judge Murrah and the reasoning upon which it is based:

"The effect of the Act as thus construed is to place the burden upon him who is best able to discharge it. It is a salutary rule, based upon experience. Any other construction would certainly dilute or completely vitiate the clear meaning of the statute."

Since the case law and the reasoning in support of both views are given in detail in the annotation cited above, this decision will not be burdened with a repetition of the material there available.

■ Having determined that the burden of proof was upon the defendant warehouseman to prove due care, the answers to our second and third questions depend necessarily upon the transcript of testimony. Further, as to the third question, our consideration of the evidence is controlled in part by the portion of Rule 50(a), Rules Civ.Proc., Sec. 19–101, 1941 Comp., reading as follows:

"A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts."

In the instant case, both parties so moved at the close of the evidence. Assuming that defendant sustained his burden of proof, this rule, as interpreted in Goldenberg v. Village of Capitan, 1951, 55 N.M. 122, 227 P.2d 630, and applied here, means in substance that the decision of the trial court sustaining the motion of defendant can be affirmed only if, viewing the evidence in the light most favorable to plaintiff, there remained no issue of fact for determination by the jury.

The uncontradicted testimony showed the following: That there was no debris or accumulation of waste of any kind around the premises; that the building was of corrugated iron and metal frame; that inspection of the fire chief showed the goods to have been properly stored insofar as that official could determine, and that fire extinguishers were available; that the defendant warehouseman made an inspection of the premises at 10:00 p. m. on the night of the fire, approximately three hours before the fire occurred; that the defendant and his wife lived on the premises and that they or an employee were on the property night and day; that the owner made periodical inspections; that the only oily rags, mops or similar substances dangerous for storage were contained in packages offered for storage, into which packages a warehouseman has no right to go; that, if such materials were stored in the packages of customers, defendant had no knowledge thereof nor had he any proper means of acquiring the same; that the warehouse was

operated in accordance with the recommended procedure of the Southwestern Warehouse Association; that there was no electricity in the warehouse; that smoking was not permitted on the premises; and that there was no known deviation from standard warehouse procedures.

It was proved that there was no night watchman. However, there was no testimony indicating that the nonemployment of a night watchman as such was negligence under the particular circumstances, or that such employment was a customary, required, or otherwise useful precaution. The defendant lived on the premises and, in fact, inspected the same on the night of the fire only three hours before its occurrence. A search of the record shows it to be barren of any evidence of negligence on the part of the defendant warehouseman, either by affirmative act or by omission.

Absent a requirement that the defendant show the cause of the fire, a requirement which cannnot be read into the language of the Act, it is difficult to conceive of other proof which should be demanded of defendant to sustain his burden of due care. The general theory in support of this position is reasonably well stated in 65 C.J.S., Negligence, § 16, page 404:

"The common usage of a business or occupation is frequently stated to be a test of care or negligence, and, accordingly, conformity to custom or usage is very generally regarded as a matter proper for consideration in determining whether or not sufficient care has been exercised in a particular case, at least where the conduct in question is not inherently dangerous. Such conformity may even afford a sufficient basis for an inference that proper care was exercised, in the absence of any evidence tending to show that the custom did not involve reasonable care, or unless the common experience of the ordinary juror would enable him to determine, without evidence on the subject whether conformity to the custom was sufficient care. A fortiori, customary acts which are usually performed in safety are not negligent per se, and, where a certain custom or method had been followed for a considerable period of time without creating any danger or causing any injury, conformity thereto may properly be regarded as reasonable care."

It is our conclusion that defendant has successfully carried the burden of proof on the issue of his due care; there is no evidence of any sort contrary to or conflicting with the evidence produced by the defendant on this issue; that is, there is no disputed question of fact. The trial court, in connection with his rulings on the motions, stated:

"Now, to let this matter go to the jury merely means that the jury feels permitted to speculate as to the cause of the fire * * *.".

Under these circumstances, the trial court was justified in instructing a verdict for the defendant.

Judgment affirmed.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON, and LUJAN, JJ., concur.