381 P.2d 55

Roland WILLIAMS, d/b/a United Realty, Star Realty, Inc., and Clyde Christie, Plaintiffs-Appellees,

v.

K. E. ASHCRAFT, Clarence Ashcraft, Ernest Ashcraft, John Woolley, Ashcraft Construction Company, Inc., and Ashcraft Sales, Inc., a corporation, Defendants-Appellants.

No. 7195.

Supreme Court of New Mexico.

April 22, 1963.

Rodey, Dickason, Sloan, Akin & Robb, William C. Schaab, Robert M. St. John, Albuquerque, for appellants.

Richard C. Losh, James O'Toole, Albuquerque, for appellees.

COMPTON, Chief Justice.

■ This is a tort action for wrongfully inducing breach of contract. There is no dispute as to the facts. The appellees, real estate brokers, on February 24, 1961, consummated a binding contract by the terms of which W. T. Pitts and wife were to convey to one Sanchez, the purchaser, certain real estate for a consideration of $20,000.00, and to pay the appellees for their services a commission of $1200.00, plus sales tax of $36.00. Under date of March 22, 1961, the appellant, K. E. Ashcraft, with full knowledge of the existing agreement between Pitts and Sanchez induced Pitts to transfer the property to the appellant, Ashcraft Construction Co., Inc., thus preventing the sale to Sanchez. This action is to recover of the appellants the amount of the commission for the wrongful interference with the contract.

The appellants' response to appellees' request for admissions discloses that W. T. Pitts and the appellant, K. E. Ashcraft, were co-signers on a past due promissory note payable to one J. H. Wilson in the principal amount of $4,236.00; that on March 9, 1961, suit was instituted by Wilson for collection on the note, and that on March 16, 1961, Pitts being a resident of Phoenix, Arizona, the property was seized under a writ of attachment; that K. E. Ashcraft, in order to effect a compromise and settlement of the Wilson suit induced Pitts to convey the property to the Ashcraft Construction Co., Inc., a New Mexico Corporation, partially owned by K. E. Ashcraft; that as a result of the compromise and settlement Wilson dismissed the suit and discharged both Pitts and K. E. Ashcraft of any obligations on the former note.

Following the response, both parties moved for summary judgment. Appellees' motion was granted, awarding judgment in amount of $1,236.00. The decisive question is whether there was legal justification for K. E. Ashcraft's action. We conclude there was. Obviously, he was protecting his own present existing economic interest. In such circumstance, his conduct was privileged.

[2] Liability may not be imposed for every interference with the business relations of another. It is only where the interference is without justification or privilege.

Wolf v. Perry, 65 N.M. 457, 339 P.2d 679. The cases are in accord. Imperial Ice Co. v. Rossier, 18 Cal.2d 33, 112 P.2d 631; Tipton v. Burson, 73 Ariz. 144, 238 P.2d 1098; Bliss v. Southern Pacific Co., 212 Or. 634, 321 P.2d 324; Lipman v. Brisbane Elementary School District, 55 Cal.2d 224, 11 Cal. Rptr. 97, 359 P.2d 465; National Life & Accident Ins. Co. v. Wallace, 162 Okl. 174, 21 P.2d 492; Zoby v. American Fidelity Company, 242 F.2d 76 (4th Cir.).

The works of modern text writers reflect the conclusion reached by us.

"One is privileged purposely to cause another not to perform a contract, or enter into or continue a business relation, with a third person by in good faith asserting or threatening to protect properly a legally protected interest of his own which he believes may otherwise be impaired or destroyed by the performance of the contract or transaction." 4 Restatement of Torts, § 773.

"Where the defendant acts to further his own advantage, other distinctions have been made. If he has a present, existing economic interest to protect, such as the ownership or condition of property, or a prior contract of his own, or a financial interest in the affairs of the person persuaded, he is privileged to prevent performance of the contract of another which threatens it; and for obvious reasons of policy he is likewise privileged to assert an honest claim or bring a suit in good faith, to exercise the right of petition to public authorities, or to settle his own case out of court." Prosser on Torts, Second Edition, § 106.

"One who has a financial interest in the business of another possesses a privilege to interfere with the contract between the other and someone else if his purpose is to protect his own interests and if he does not employ improper means, and one acting to protect his property rights is privileged to interfere even if he does so with malice." 86 C.J.S. Torts § 44c.

"Inherent in the rule imposing liability for malicious interference with the business relations of another is the qualification that such interference was without justification or legal excuse. If the act of interference is justifiable, that is, if there is a legal excuse therefor, it is not actionable, even though damage may result therefrom, but if the act of interference is without justification, it is actionable, except where the act of interference constitutes an exercise of an absolute right. As a general rule, justification for interfering with the business relations of another exists where the actor's motive for doing so is to benefit himself, and it

does not exist where his sole motive is to cause harm to such person." 30 Am. Jur., Interference, § 47.

Other questions are urged for a reversal of the judgment but in view of the conclusion reached, a discussion of these is deemed unnecessary to a decision.

The judgment is reversed and remanded to the trial court with direction to enter judgment for the appellants.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.