531 P.2d 618

**Harold D. BYNUM and Jane M. Bynum, his wife, Plaintiffs-Appellants and Cross-Appellees,**

v.

**Sue M. BYNUM, Oliver Burton Cohen and Elizabeth J. Cohen, his wife, Defendants-Appellees and Cross-Appellants.**

**No. 1395.**

Court of Appeals of New Mexico.

Jan. 8, 1975.

Certiorari Denied Jan. 30, 1975.

Charles G. Berry, Mary C. Walters, Marchiondo & Berry, P. A., Albuquerque, for plaintiffs-appellants and cross-appellees.

Perry S. Key, Oliver Burton Cohen, Albuquerque, for defendants-appellees and cross-appellants, Cohen.

## OPINION

WOOD, Chief Judge.

This appeal is concerned with the tort of wrongfully interfering with a contract, proof of part performance in a claim for breach of an oral contract to sell real estate and a counterclaim for slander of title.

Harold and Jane Bynum brought suit against Sue, the former wife of Harold, Oliver Cohen an attorney and Elizabeth the wife of Cohen. The case went to trial on an amended complaint which sought specific performance of an oral contract between Sue and Harold to convey Sue's dwelling, sought damages for breach of the oral contract and sought damages for inducing a breach of the oral contract. During the trial the claim for specific performance was abandoned. The trial court directed a verdict for all defendants. We affirm as to Sue Bynum and Elizabeth Cohen. We reverse as to Oliver Cohen.

Defendants counterclaimed, alleging the wrongful filing of lis pendens by plaintiffs. The district court directed a verdict in favor of plaintiffs, dismissing the counterclaim. We affirm this dismissal.

There was evidence to support the following. Sue held equity in her dwelling after a divorce from Harold in 1968. Sue and Harold orally agreed in 1970 to a transaction whereby she would convey the house for some cash in hand, remittance of some of her debts to him, payment of some of her bills by him, and a final cash payment to be deferred for several months. Sue then went to a lawyer, defendant Cohen, and told him of the agreement. Cohen offered to buy the house at a slightly higher cash price than Harold had offered. Sue then sold to Cohen.

*Wrongful Interfering With a Contract*

■ The record shows that Elizabeth Cohen was made a party solely in connection with the specific performance claim. That claim having been abandoned, the directed verdict in favor of Elizabeth is affirmed.

■ Cohen claims that the alleged oral contract between Harold and Sue was unenforceable under the Statute of Frauds because not in writing. On the basis that the contract between Harold and Sue cannot be enforced, he asserts he cannot be liable for wrongfully interfering with the contract. Liability for inducing breach of contract attaches even if the contract, though valid, is unenforceable. Wolf v. Perry, 65 N.M. 457, 339 P.2d 679 (1959).

■ Cohen contends there is an absence of evidence that he induced Sue to breach the contract with Harold. Cohen relies on the following statement in Wolf v. Perry, supra:

"A necessary element of the tort . . . is a showing that the defendant played an active and substantial part in causing the plaintiff to lose the benefits of his contract. There must be some voluntary conduct on the part of the defendant, some overt act which influences the promisor to breach his contract."

Our answer is that there is evidence that Cohen induced the breach. Its credibility was for the jury.

Cohen asserts there is an absence of evidence that any interference on his part was without justification or privilege. See Williams v. Ashcraft, 72 N.M. 120, 381 P. 2d 55 (1963). Our answer is that there are conflicting inferences from the evidence. This was a question for the jury.

■ Cohen claims there is an absence of evidence that there was an agreement between Harold and Sue. The argument is that any such agreement must be established by clear and convincing evidence and such proof is lacking. The argument is based on the view that "to establish an oral contract within the Statute of Frauds, the evidence must be clear, convincing and unequivocal when it involves real estate." The answer is that the tort of interference is independent of the Statute of Frauds. Wolf v. Perry, supra. Clear and convincing evidence is not required to establish the alleged oral contract when the claim is that defendant induced its breach.

Cohen contends there is an absence of evidence of malice on his part. The answer is that malice is not an element of the tort. In so holding we recognize that some decisions have referred to malice, and one of the texts cited in Williams v. Ashcraft, supra, discusses the tort in terms of "malicious interference." The references to "malice" in connection with the tort mean the intentional doing of a wrongful act without justification. Tipton v. Burson, 73 Ariz. 144, 238 P.2d 1098 (1951); Red Wing Pro. v. American Broadcast.—Paramount Th., Sup.Ct., 213 N.Y.S.2d 315 (1961). See Annot., 26 A.L.R.2d 1227 (1952) at page 1247; Restatement of Torts, § 766, special note to comment m at 62; Restatement of Torts (Second) § 766, comment s at 49 (Tent.Draft No. 14, 1969).

Cohen's legal defenses did not entitle him to a directed verdict. Since reasonable minds could differ as to the conclusion to be reached under the evidence, the directed verdict in favor of Cohen was erroneous. See Archuleta v. Johnson, 83 N.M. 380, 492 P.2d 997 (Ct.App.1971).

*Proof of Part Performance in a Claim for Breach of an Oral Contract to Sell Real Estate*

Plaintiffs having abandoned the claim for specific performance, the directed verdict in favor of Sue went to plaintiffs' claim for damages for breach of the alleged oral contract to sell the house. The legal basis for plaintiffs' claim is that Harold partly performed the oral contract, that because of this part performance Sue is estopped to assert the Statute of Frauds as a defense. On this basis they assert damages may be recovered for breach of the oral contract. See Miller v. McCamish, 78 Wash.2d 821, 479 P.2d 919 (1971); Dobbs, Remedies § 13.2 (1973); Compare Alvarez v. Alvarez, 72 N.M. 336, 383 P.2d 581 (1963). We do not decide whether such a basis for recovery of damages exists in New Mexico. Compare Westerman v. City of Carlsbad, 55 N.M. 550, 237 P.2d 356 (1951). Assuming that such a remedy exists, the remedy requires proof of part performance of the oral contract.

Jones v. Rocky Cliff C. M. Co., 27 N.M. 41, 198 P. 284 (1921) states:

"Under a parol agreement to convey land, the payment of the full purchase price without some further part performance, such as delivery of possession, the making of valuable improvements, etc., is not sufficient to vest an equitable title in the purchaser. . . . ."

Alvarez v. Alvarez, supra, states that the proof required to establish an oral contract which would not be barred by the Statute of Frauds must be clear and convincing. Since part performance is the basis for avoiding the Statute of Frauds, proof of part performance must also be clear and convincing.

We doubt that the evidence shows a part performance of the oral contract in this case. Assuming, however, there is evidence of part performance, that evidence is not clear and convincing because the performance is not unequivocally referable to the oral contract. Alvarez v. Alvarez, supra. The directed verdict in favor of Sue is affirmed.

Plaintiffs contend the trial court erred in denying their motion to amend the complaint during trial. The motion asked that the complaint be amended to conform to the evidence and sought to clarify the damages sought from Sue and Cohen. Since the directed verdict in favor of Sue was properly granted we need not consider that portion of the motion. Since the directed verdict in favor of Cohen is to be reversed, and the claim against Cohen remanded for trial, we see no need to determine whether denial of the motion in the prior proceeding amounted to error. Amendments should be permitted with liberality in the furtherance of justice. Vernon Company v. Reed, 78 N.M. 554, 434 P.2d 376 (1967). On remand, plaintiffs shall be permitted to amend their claim against Cohen if such amendment is offered sufficiently in advance of trial so

that Cohen may be prepared to defend against the amendment.

*Slander of Title*

 Cohen and his wife Elizabeth counterclaimed for slander of title. During trial, the counterclaim was limited to a claim that plaintiffs wrongfully filed a lis pendens. Section 21–3–14, N.M.S.A.1953 (Repl.Vol. 4). The directed verdict on this issue was proper. At the time the lis pendens was filed, the Cohens had conveyed the property to Lukens. Having no interest in the property at the time the lis pendens was filed, the Cohens had no title which could be slandered. Island Homes, Inc. v. City of Fairbanks, 421 P.2d 759 (Alaska 1966); Rogler v. Bocook, 148 Kan. 858, 84 P.2d 893 (1938); Reaugh v. McCollum Exploration Co., 139 Tex. 485, 163 S.W.2d 620 (1942).

The Cohens also assert plaintiffs slandered their title after they reacquired the property by failing to remove the lis pendens after the claim for specific performance was abandoned. Assuming this contention is properly before us, the basis for this contention is that the claim for specific performance was abandoned at a hearing some months prior to trial. The contention relies on only selected portions of the record of that hearing. Plaintiffs did not abandon their specific performance claim until after several days of trial. This contention is without factual support and is without merit.

The directed verdicts in favor of Sue M. Bynum and Elizabeth J. Cohen are affirmed. The directed verdict in favor of plaintiffs on the counterclaim is affirmed. The directed verdict in favor of Oliver Cohen is reversed. The cause is remanded with instructions to enter a new judgment in accordance with this opinion, to permit amendment of the claim against Oliver Cohen if the amendment is consistent with this opinion, and to reinstate the claim against Oliver Cohen on the trial docket.

Plaintiffs are to recover fifty percent (50%) of their appellate costs.

It is so ordered.

SUTIN, J., concurring in part and dissenting in part.

LOPEZ, J., concurring in part and dissenting in part.

SUTIN, Judge (concurring in part and dissenting in part).

On petition for rehearing, the former opinion is withdrawn and the following substituted therefor.

(A) I dissent on affirmance of Judgment on Directed Verdict in favor of defendant Sue Bynum.

(B) I specially concur in reversal of Judgment on Directed Verdict in favor of defendant Oliver Cohen.

(C) I specially concur in affirmance of Judgment on Directed Verdict in favor of defendant Elizabeth J. Cohen.

(A) *Decision of trial court on defendant Sue Bynum was erroneous.*

The trial court denied plaintiffs' motion for a directed verdict at the close of all the evidence, as follows:

There has been a lot of evidence here as to whether there was or wasn't a contract *and those are questions of fact for the jury,* and, of course, the motion for directed verdict against Mr. Cohen, that is also denied, *that is a question of fact for the jury.* [Emphasis added.]

Defendant Oliver Cohen moved for a directed verdict on behalf of himself and Sue Bynum. He claimed that he had the right to move for a directed verdict for Sue Bynum because a judgment against her would be a judgment against Cohen.

Defendant Sue Bynum did not have an attorney at trial. Prior thereto, the trial court permitted Cohen to assert her defenses. A motion by Oliver Cohen for a directed verdict on behalf of Sue Bynum is not the assertion of a defense. The motion did not present to the trial court the matter of a directed verdict.

The trial judge granted Sue Bynum a directed verdict for the following reasons: (1) The Statute of Frauds bars this action,

and (2) "[T]he plea of the plaintiff of partial performance is not available to the plaintiff in the suit for damages against Sue Bynum since the suit for specific performance has been dismissed. . . . ".

Plaintiffs moved to amend their complaint so that it would show their reliance on the doctrine of equitable estoppel as against Sue Bynum, in light of the evidence that had been presented at trial. This was denied, because Sue Bynum was not present. Denial of plaintiffs' motion to amend their complaint to conform to the evidence was an abuse of the trial judge's discretion, contrary to the letter and spirit of Rule 15(b) of the Rules of Civil Procedure [§ 21–1–1(15)(b), N.M.S.A.1953 (Repl.Vol. 4)].

The judgment on Court Directed Verdict as to defendant Sue Bynum is erroneous and should be reversed.

(B) *Whether Cohen induced Sue Bynum to breach her agreement with her ex-husband in the context of an attorney-client relationship is an issue of fact for the jury.*

I concur with the holding as to Cohen in the majority opinion. However, I feel the majority has not sufficiently elucidated the nature of Cohen's behavior, in light of the law on business transactions between attorney and client.

We are here reviewing a directed verdict for defendant. This directed verdict "can be affirmed only if, viewing the evidence in the light most favorable to plaintiff, there remained no issue of fact for determination by the jury." Cole v. Younger, 58 N.M. 211, 214, 269 P.2d 1096, 1098 (1954).

(1) *Cohen's Relationship With Sue Bynum*

Defendant Sue Bynum received, as part of a 1968 divorce settlement, the equity in a house owned by her and plaintiff Harold Bynum during the marriage. The parties orally agreed in 1970 that the house *would be sold by Sue to her former husband, Harold,* in return for a portion of the purchase price in cash, a portion by payment of the balance due on an automobile, and a portion by forgiveness of monies due from Sue to Harold. The parties agreed to the sale on July 17, 1970. A memorandum agreement and a deed to the premises, from Sue to Harold and his new wife, Jane, were drawn up for presentation to their lawyers the next day, so that a formal document could be executed.

On the morning of July 18, Sue went to Oliver Cohen's office and *engaged him as her lawyer*. She sought his legal advice as to whether or not she should enter into this agreement with Harold. She asked Cohen about the legal effect of that agreement.

Cohen denies that any attorney-client relationship existed. However, on motion for a directed verdict, we must search for that evidence which supports the plaintiffs' case. There is sufficient evidence of an attorney-client relationship which creates an issue of fact for the jury. For purposes of this opinion, the relationship did exist.

Cohen then went with Sue to the house. They inspected it, and Cohen said: "Mrs. Bynum, I don't believe you are getting enough money for this place. . . . I'll tell you what I will do. I will give you a check for $500, then I will send you a check for $1,500, then a check for $4,000 on or before the 15th of September." Sue accepted the offer. It was $500 more than Harold had offered her.

While they were at the house, Harold drove up. He entered the house and Sue introduced Oliver Cohen, as her lawyer, to Harold. Harold inquired if Cohen was going to prepare the papers, and Cohen said: "I have bought the house." A bitter discussion ensued. Harold told Cohen that he had already entered into an agreement to purchase the house, and he insisted that Sue proceed to complete the transaction and take a $1,500 check. Cohen said, "Well, I have already bought the house. If you want to give more than I am giving

for it, you can buy it." When Harold asked the amount Cohen was giving, Cohen refused to answer.

That afternoon, Cohen prepared the purchase agreement and a deed from Sue to Oliver, both of which were executed by Sue. The agreement was performed and Cohen obtained title to the premises. One or two days later, Cohen demanded that Harold give him a warranty deed which Harold refused to do. "I didn't know what him and Sue was trying to pull on me."

On October 14, 1970, Cohen deeded the property to a Mr. Harold Lukens, who gave Cohen a check for $1,500. On December 10, 1970, Lukens, by check, paid *Sue Bynum* $4,000. Subsequently, the property was deeded back to Cohen.

(2) *Cohen's attorney-client relationship warrants an issue of fact on whether he induced Sue Bynum to breach her contract with Harold Bynum.*

We should not have to say more than the trial court during an argument at trial in which he said to plaintiffs' attorney:

"Well, you have alleged that he [Cohen] induced Sue to breach the contract *and you have evidence to that effect."* [Emphasis added.]

The relationship between an attorney and client is one of the highest trust and confidence. "[T]he law requires that the acts and conduct of the attorney in transactions with his client be characterized by absolute fairness, good faith and honesty." Van Orman v. Nelson, 78 N.M. 11, 22, 23, 427 P.2d 896, 907–908 (1967). He cannot purchase from his client unless he is able to show that he made a full communication to his client of all he knew that would be of advantage to the client regarding the negotiations. "With respect to transactions between an attorney and his client involving the acquisition of property from the client a heavy burden is imposed upon the attorney to establish the absolute fairness of the transactions." Van Orman v. Nelson, supra, 78 N.M. at 17, 427 P.2d at 902.

A review of the real estate contract between Cohen and Sue Bynum discloses no intention on Cohen's part to refrain from inducing Sue Bynum not to perform her agreement with her husband, an agreement of which he had knowledge. Cohen sought the purchase of the property. He knew that he could not purchase it unless Sue breached her agreement with Harold.

Did Cohen, without justification and privilege, induce Sue not to perform her agreement with her husband? No one, other than Sue and Cohen, can answer the question. A heavy burden is on the attorney to establish that the transaction was fair. Van Orman v. Nelson, supra. The confidential relationship between Sue and Cohen raises a presumption, under the circumstances of this case, that Cohen did induce Sue to breach her agreement with Harold. If Sue and Cohen testify that Cohen did not induce her to breach the agreement, the jury can believe or disbelieve them. The credibility of their testimony should be weighed by the jury. "An attorney's dealings with his client [are] always subjected to the closest scrutiny of the courts, and justly so . . . ." In re Renehan, 19 N.M. 640, 666, 145 P. 111, 120 (1914) (opinion on rehearing).

If an attorney-client relationship existed, did Cohen induce Sue to breach her agreement with her husband? Did Cohen unlawfully violate a privileged relationship with his client? A jury should answer these questions. A confidential relationship should not permit an innocent third person to suffer because the conversations between Sue and Cohen were not recorded. This type of business transaction leads to criticism and difficulties.

LOPEZ, Judge (concurring in part and dissenting in part).

I concur in the opinion of Chief Judge Wood insofar as it affirms the directed verdict in favor of Sue Bynum and the directed verdict in favor of the plaintiffs on the counterclaim. I dissent from the majority's reversal as to Oliver Cohen be-

cause I think the opinion above departs too greatly from the accepted standards in this state regarding induced breach of contract.

The plaintiffs argued that the directed verdict in favor of Oliver Cohen for induced breach of contract was improper since the defendant offered the statute of frauds as a defense and that this is no defense to the tort alleged. The defendant insists that his defense consisted of more than a mere proffering of the statute of frauds, and included a defense on the merits.

The general rule in this state is that " . . . one who, without justification or privilege to do so, induces a third person not to perform a contract with another, is liable to the other for the harm caused thereby." Wolf v. Perry, 65 N.M. 457, 339 P.2d 679 (1959); Williams v. Ashcraft, 72 N.M. 120, 381 P.2d 55 (1963). Not every interference with the business relations of another is tortious, but only where the interference is without justification. The requisite justification exists " . . . where the actor's motive for doing so is to benefit himself, and it does not exist where his sole motive is to cause harm to such [other] person." Williams v. Ashcraft, supra, quoting 30 Am.Jur., Interference, § 47 (1940).

The plaintiffs failed to prove any motive to cause harm on the part of the defendant. What is presented is simply the case of one man making a better offer than another. Absent a showing of motive on the part of the defendant to cause harm, the plaintiffs failed to prove that Cohen's actions were unjustified under the *Williams* test. This test is the law in New Mexico and should not be departed from without a stronger showing on the record.

I would, therefore, affirm the directed verdict favoring Oliver Cohen.