Lonnie LeFEVRE, Plaintiff-Appellant,

v.

SPACE COMMUNICATIONS COMPANY (SPACECOM), Defendant-Appellee.

No. 84–2041.

United States Court of Appeals, Tenth Circuit.

Aug. 20, 1985.

**422**

Glenn B. Neumeyer and Richard C. Cauble, Las Cruces, N.M., for plaintiff-appellant.

Philip R. Higdon of Sutin, Thayer & Browne, Santa Fe, N.M., for defendant-appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a), Tenth Circuit R. 10(e). The cause is therefore submitted without oral argument.

The issue in this case is whether the trial court erred in granting summary judgment for the defendant on plaintiff's claim for intentional interference with plaintiff's employment contract.

Defendant Spacecom holds a contract with the National Aeronautics and Space Administration (NASA) to operate a Tracking and Data Relay Satellite System in New Mexico. TRW, plaintiff's employer, held a subcontract with Spacecom to assist it at the facility. TRW employed plaintiff at the site as a senior electronics technician. In November 1982, Spacecom directed TRW to bar plaintiff from the facility, citing plaintiff's alleged failure to follow security procedures as the reason for its order. As a result, plaintiff could no longer work for TRW at the site in New Mexico, and was transferred to another TRW project in California.

Plaintiff brought suit against Spacecom, alleging that the defendant had improperly interfered with his contract with TRW. The trial court granted summary judgment for the defendant, finding that the company had demonstrated that its interference was privileged as a matter of law. Plaintiff makes two claims on appeal. First, he argues that the trial court applied the incorrect law in resolving the summary judgment motion. In addition, he argues that

summary judgment was improper because the case involves disputed issues of material fact.

■ The trial court relied on *Williams v. Ashcraft*, 72 N.M. 120, 381 P.2d 55 (1963) and *Wolf v. Perry*, 65 N.M. 457, 339 P.2d 679 (1959), which hold that liability for interference with existing contractual relations may be imposed only where the interference was without justification or privilege. Plaintiff asserts that *Williams* and *Wolf* no longer state the law in New Mexico, and that the court should have applied the test set forth in the Restatement (Second) of Torts § 766 of whether the interference was "improper." However, while the New Mexico Supreme Court has adopted the Restatement test for interference with *prospective* contractual relations, *M & M Rental Tools, Inc. v. Milchem, Inc.*, 94 N.M. 449, 612 P.2d 241 (1980), *Williams* and *Perry* remain the law on the tort of interference with existing contracts. *Speer v. Cimosz*, 97 N.M. 602, 642 P.2d 205 (N.M.App.1982). As the trial court correctly stated, liability thus may not be imposed unless the interference was without justification or privilege. *Williams*, 381 P.2d at 56.

■ Plaintiff also asserts that the court improperly relied on the test for interference with prospective contracts set forth in *M & M Rentals*, 612 P.2d at 246, in deciding this existing contract case. The basis for this assertion is the court's statement that summary judgment was appropriate because plaintiff did not prove that Spacecom's *sole* motive was to harm the plaintiff. However, the reference to sole motive is proper in the context of a suit for interference with existing contractual relations. *Williams* made clear that a defense of privilege is not absolute, but may be defeated if the actor's sole motive in taking the otherwise privileged action was to harm the plaintiff. 381 P.2d at 57. Thus, the trial court found that defendant had established a privilege, and that the plaintiff had not made a showing of sole motive sufficient to overcome that privilege. The court applied the correct law in resolving the summary judgment motion.

■ The next issue is whether it was proper for the court to resolve this case on a motion for summary judgment. The plaintiff asserts that motive and intent are essential elements to the cause of action, and preclude summary judgment. However, as the First Circuit has noted:

> State of mind ... is difficult to prove and great circumspection is required where summary judgment is sought on an issue involving state of mind. But that does not mean that a party against whom summary judgment is sought is entitled to a trial simply because he has asserted a cause of action to which state of mind is a material element. There must be some indication that he can produce that requisite quantum of evidence to enable him to reach the jury with his claim.

*Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976) (citations omitted). Plaintiff simply has not made such a showing.

■ Defendant's action in interfering with plaintiff's contract was privileged if it was a good faith assertion to protect a legally protected interest of its own which it believed might otherwise be impaired or destroyed by the performance of the contract. *Speer*, 642 P.2d at 209 (quoting *Williams*, 381 P.2d at 56). Plaintiff concedes that defendant has a legitimate interest in ensuring the security of the site. If, as defendants contend, they acted to protect this interest, their action was privileged. The defendant has submitted deposition excerpts and affidavits from numerous employees in support of its motion for summary judgment. These materials support the company's assertion that it requested that defendant be barred from the site because he breached plant security procedures when he did not promptly report a breach

of security but rather left an unsigned note pointing out the breach.

Plaintiff contends that the defendants did not act to protect security but, rather, to retaliate against him for embarrassing the company by pointing out a lapse of security on a day when NASA was inspecting the site. However, even if this would be improper motivation for his exclusion from the facility, his only evidence in support of this contention is the speculations contained in his affidavit. He submitted no other affidavits, and did not point to anything in the depositions to support his contention about defendant's motivation. While he demonstrates that the existence or non-existence of formalized reporting procedures may be a matter of dispute, the existence of such a dispute would not contradict the defendant's assertion that it viewed the method of reporting that plaintiff chose—an unsigned note left on a table—as one which displayed insufficient regard for the sensitive security needs of the site. Plaintiff's speculation to the contrary, without more, is not sufficient to get his case to the jury.

█ Thus, while we are reluctant to affirm a grant of summary judgment on a case involving questions of motive, we must agree with the district court that plaintiff has not demonstrated that he would be able to produce evidence, aside from sheer speculation, in support of his claim.

The district court's grant of summary judgment is affirmed.