Dennis FORTMAN, Plaintiff,

v.

DECKER COAL COMPANY and Cobre Tire, Defendants.

No. CV 88–79–BLG–JFB.

United States District Court,
D. Montana,
Billings Division.

June 14, 1989.

Jean M. Nelson, Towe, Ball, Enright, & Mackey, Billings, Mont., for plaintiff.

Paul D. Miller, Holland & Hart, Billings, Mont., Robert C. Brown, Poore, Roth & Robinson, P.C., Butte, Mont., and Susan Solomon and Michael D. Moberly, Ryley, Carlock & Appelwhite, Phoenix, Ariz., for defendants.

## MEMORANDUM OPINION

BATTIN, Chief Judge.

This action arises out of the alleged wrongful termination of Dennis Fortman from his employment with Cobre Tire. Fortman was discharged by Cobre Tire after he had violated a policy of Decker Coal Co. while working on its mine site. In his complaint, Fortman alleges that Cobre Tire wrongfully terminated him from his employment without notice. Count II of plaintiff's complaint claims that defendant Decker Coal Company wrongfully interfered with Fortman's employment relationship with Cobre Tire.

Both defendants have moved independently for summary judgment pursuant to Rule 56 Fed.R.Civ.P.. On June 7, 1989, the Court issued an Order granting both defendants' motions. The following Memorandum Opinion provides the rationale for the Court's decision that no genuine issue of material fact exists and defendants are entitled to judgment as a matter of law.

## FACTS

The factual events surrounding Fortman's termination are undisputed. Dennis Fortman was employed by Cobre Tire beginning at approximately October 1985.[1] In October 1985, Cobre Tire was awarded the tire service contract for the Decker Coal Mine site located at Decker, Montana.

Decker Coal Company had in effect a written policy which required persons to obtain a property issuance ticket before removing any Decker property from the mine site. Cobre Tire had a similar company policy that prohibited removal of company property without permission. On or about December 5, 1987, Fortman obtained used "o"-rings in response to a request by a striking miner. Fortman admits giving the "o"-rings to the miner without obtaining a property issuance ticket.

Later that same day, Fortman was called into the office of Frank Kawulok, Mine Superintendent. Fortman was questioned as to what occurred near the picket line earlier that day. Fortman stated that he gave two used "o"-rings to a striking miner without first obtaining a property issuance slip in violation of the employee policy. Although Fortman acknowledged that he was aware of the property issuance procedure, he admitted that he did not follow the procedure on this day.

---

1. Fortman was previously employed by Firestone in Sheridan, Wyoming from September 17, 1984 to October 31, 1985. After October 1985, Fortman continued to work at the mine site with Cobre Tire.

Cobre Tire was later informed that Fortman had violated the company property policy and was ordered off of the mine site. Decker also advised Cobre Tire that Fortman would no longer be permitted on the Decker Coal Mine site.

On Monday May 9th, Fortman called Boyd Karren about his expulsion from the mine site. Boyd Karren, Division Manager of Cobre Tire, informed plaintiff that he was terminated from his position. Fortman did not voice any dissatisfaction with Karren's decision to terminate him at that time.

■ Before addressing each defendant's arguments for summary judgment, the Court finds it appropriate to review the standards applicable under Rule 56(c). Summary judgment is properly granted under Rule 56(c) if the "pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *California Architectural Building Products, Inc. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987) (quoting Rule 56(c) Fed. R.Civ.P.). The initial burden is upon the party seeking summary judgment, to inform the Court of the basis for its motion and identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once this is accomplished, the burden shifts to the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. *Id.* "If the nonmoving party will bear the burden of proof at trial as to an element essential to its case, and that the party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate." *California Architectural Building Products, Inc. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987) (citing *Celotex*, 106 S.Ct. at 2552–53). "[T]o withstand a motion for summary judgment, the nonmoving party must show that there are 'genuine factual issues that can only be resolved by a finder of facts because they may reasonably be resolved in favor of either party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)).

## COBRE TIRE'S MOTION FOR SUMMARY JUDGMENT

■ In his complaint, plaintiff alleges that defendant wrongfully terminated him from his employment. Under Montana law, M.C.A. § 39–2–904:

A discharge is wrongful only if: (1) . . .; (2) the discharge was not for good cause and the employee had completed the employer's probationary period of employment; (3) . . .

Good cause is defined by the Montana Legislature as "reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reasons." M.C.A. § 39–2–903(5).

In the present case, plaintiff clearly violated a company policy of Decker Coal Company by failing to obtain a property issuance ticket before removing the "o"-rings from the mine site. Plaintiff acknowledges that he was aware of such policy and had previously complied with the procedure. In fact, plaintiff obtained a property issuance ticket on at least one previous occasion to remove used tires from the mine site.

For violating this company policy, plaintiff was ordered off of the mine site. Later, Decker Coal Company contacted Cobre Tire and informed them that plaintiff would no longer be allowed to enter the site. Cobre, thereafter, discharged plaintiff from his duties.

The Court finds that Cobre's decision to discharge plaintiff was based upon a legitimate business reason. Plaintiff's job description was to service tires exclusively on the Decker Coal Mine site. By his expulsion from the mine site, plaintiff could no longer perform his job duties for Cobre. His expulsion clearly disrupted Cobre's operation in providing the tire service on the mine site. Where an employee has violated

a rule or policy which results in him being unable to perform his duties, the employer has a legitimate business reason for dismissing the employee.

Plaintiff initially argues that Decker Coal Company had not uniformly enforced their company policy concerning property issuance tickets. Fortman contends that if he had been an employee of defendant Decker Coal, he would not have been terminated for violating such policy. Plaintiff further argues that the property admittedly removed by Fortman had been abandoned by Decker Coal or was junk items and therefore the property issuance policy did not apply in this case.

Whether or not Decker strictly enforced this particular policy has little bearing on whether Cobre had legitimate reasons to discharge plaintiff. The undisputed facts are that plaintiff knowingly violated Decker's policy and was prohibited from returning to the mine site. Cobre Tire had consistently enforced their own policy and imposed the same discipline for similar violations. Further, Boyd Karren, Division Manager of Cobre, testified that Cobre adopted all of Decker's policies. (Karren Depo. Page 130) Every Cobre employee must abide by the rules and regulations of Decker Coal Co. By taking property without permission, Fortman was prohibited from returning to the mine. Without being able to enter the mine site, plaintiff could not perform his duties and responsibilities for Cobre Tire. Therefore, plaintiff's argument is not well taken.

Turning to plaintiff's second argument, the Court finds no relevance in the issue of abandoned property or junk property as to Cobre's basis for terminating plaintiff. It is undisputed that the "o"-rings were taken from the mine site and given to a striking miner outside the mine property. Whether or not the "o"-rings had been discarded by Decker or to what value they possessed has no relevance as to Cobre's decision in terminating Fortman. Cobre was informed that Fortman had violated a company policy of Decker. Cobre was entitled to rely on Decker's report that plaintiff violated their policy. *Smith v. Chamber of Commerce,* 645 F.Supp. 604, 608 (D.D.C.1986).

Fortman did not dispute the information provided to Cobre regarding the removal of the "o"-rings nor did he dispute that his actions constituted a violation of Cobre Tire's and Decker Coal Company's policies. For these reasons, the issues of abandoned property or junk items are not relevant to Cobre's decision to terminate Fortman.

In applying the standards of summary judgment to the facts of the present case, the Court finds that plaintiff has failed to establish sufficient facts that would lead a reasonable jury to conclude that Cobre Tire discharged Fortman without good cause. The undisputed facts are that plaintiff knowingly violated both Decker's and Cobre's policies and now is prohibited from performing his duties. Therefore, defendant Cobre Tire is entitled to judgment as a matter of law.

## DECKER'S MOTION FOR SUMMARY JUDGMENT

■ In plaintiff's complaint, Fortman alleges that Decker intentionally and wrongfully interfered with plaintiff's employment contract with Cobre. Fortman specifically argues that Decker informed Cobre that Fortman had committed a theft and demanded that defendant Cobre Tire terminate the plaintiff.

Under Montana law, the elements of tortious interference with contract are well established:

In order to establish a prima facie case of interference with contractual or business relations, it must be shown that the acts (1) were intentional and willful, (2) were calculated to cause damage to the plaintiff in his or her business, (3) were done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the actor, and (4) that actual damage and loss resulted.

*Northwestern National Bank v. Weaver–Maxwell, Inc.,* 224 Mont. 33, 729 P.2d 1258, 1262 (1986) (quoting *Bolz v. Myers,* 200 Mont. 286, 651 P.2d 606, 611 (1982).

Here, the Court finds that plaintiff's claim against Decker is vulnerable to summary judgment on two grounds. First, plaintiff has failed to produce any credible evidence that Decker's actions were "calcu-

lated to cause damage to the plaintiff." *Northwestern National Bank*, 729 P.2d at 1262. In fact, the testimony from the management of both defendants proves otherwise. Ray Lewis, Fortman's immediate supervisor, and Boyd Karren, the Division Manager for Cobre Tire, testified that Decker Coal Company placed no force upon Cobre Tire to terminate Fortman. Boyd Karren testified that his decision to terminate Fortman was because plaintiff violated a Decker policy which he characterized as "one and the same" with Cobre Tire policy. Mr. Karren went on to testify that the termination decision would have remained the same even if plaintiff was working in a different location for Cobre Tire.

Moreover, Fortman himself acknowledged that he had no evidence that Decker pressured Cobre in any way to discharge him from his employment. (Fortman's Deposition, Page 140) Simply, plaintiff cannot provide facts to support his allegation that Decker forced Cobre Tire to discharge plaintiff. Absent any evidence of intentional acts by Decker, which were "calculated to cause damage to the plaintiff in his or her business," *Northwestern National Bank*, 729 P.2d at 1262, plaintiff has failed to establish an essential element in his claim for intentional interference by Decker.

Secondly, plaintiff cannot prove that Decker's action in prohibiting Fortman from returning to the mine site was done with "the unlawful purpose of causing damage [or] loss, without right or justifiable cause on the part of the actor." *Northwestern National Bank*, 729 P.2d at 1262.

Both plaintiff and defendant Decker have spent considerable time arguing whether Decker had an absolute or qualified privilege to exclude Fortman from its mine site. Yet, neither party has provided the Court with any controlling law on this point. Whether or not Decker had an absolute or merely a qualified privilege is really immaterial, though, since Decker clearly had a legitimate interest in prohibiting plaintiff from the mine site. *LeFevre v. Space Communications Co.*, 771 F.2d 421, 423 (10th Cir.1985).

Plaintiff admittedly violated Decker's property policy by taking property from the mine site without permission. This policy is designed to protect Decker's investment in equipment and materials found on its property. By excluding plaintiff, Decker's actions were justified in protecting their interest in securing their property. Plaintiff has failed to provide any evidence that would lead a reasonable jury to conclude otherwise. Therefore, plaintiff has failed to establish another essential element of its claim for interference.

Plaintiff also tries to overcome defendant's Motion for Summary Judgment with various other arguments implying waiver, tortious conduct, and once again abandoned property. The Court finds no merit to these arguments whatsoever. Plaintiff has failed to establish two essential elements of its claim against Decker. Plaintiff cannot produce evidence that Decker's actions "were calculated to cause damage to the plaintiff" or that Decker's acts "were done with the unlawful purpose of causing damage or loss, [or] without right or justifiable cause." *Northwestern*, 729 P.2d at 1262. Accordingly, defendant Decker is entitled to judgment as a matter of law.

The Clerk is directed to enter judgment in favor of defendants and against plaintiff.