930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Lawrence E. PIATTI, doing business as Industrial Management
Consultants, a pro-proprietorship, individually,
Plaintiff-Appellant,
v.
INDUSTRIAL LASERS, INC., a New Mexico Corporation,
Caterpillar Venture Capital, Inc., a Delaware corporation,
Alan M. Hill, individually and in his capacities as Chairman
of the Board of Directors and President of Industrial
Lasers, Inc., Robert L. Powers, individually and in his
capacity as President of Caterpillar Venture Capital, Inc.,
Defendants-Appellees.
 No. 90-2118.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Lawrence Piatti brought this action against defendants Industrial Lasers, Inc. (ILI), Alan Hill, Caterpillar Venture Capital, Inc. (CVC), and Robert Powers (Powers). Count II of the complaint charged ILI with breach of its finder fee agreement with plaintiff. Count V claimed CVC and Powers had intentionally interfered with plaintiff's contractual relationship with ILI. The district court granted summary judgment in favor of ILI on Count I and CVC and Powers on Count V. On appeal, plaintiff contends there remained disputed issues of material fact with respect to both issues. We affirm.
 
 
 3
 In reviewing the grant of a motion for summary judgment, we apply the same standard utilized by the trial court. See Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). We will affirm only if it is clear from the record no genuine issues of material fact remained. Id. A plaintiff resisting a motion for summary judgment, however, has the burden of going beyond his pleadings and designating specific facts showing there are genuine issues for trial on every element of his claim for relief. See Willner v. Budig, 848 F.2d 1032, 1035 (10th Cir.), cert. denied, 488 U.S. 1031 (1988).
 
 
 4
 The district court properly entered summary judgment in favor of ILI on plaintiff's claim for breach of the finder fee agreement. Plaintiff and ILI entered into this agreement in August 1985. ILI agreed to pay a commission according to a fee schedule if plaintiff obtained investment capital and equity funding for ILI pursuant to the terms and conditions of the agreement. The agreement contained the following provision:
 
 
 5
 Any investor in ILI for which you claim that a commission is due must have been disclosed and identified to us as a potential investor, in writing prior to our first contact with such investor. Disclosure and identification shall include a brief resume of the backround, employment, financial status and other information pertinent to our determination that such person is a "qualified investor" under all standards applicable to the sale of securities.
 
 
 6
 Plaintiff points to no evidence indicating he informed ILI in writing about CVC's status as a qualified investor. We agree with the district court that plaintiff failed to show the requirement of a writing was not a sine qua non of collecting his finder fee. Because Piatti failed to show he had complied with the terms of the agreement, the district court did not err in granting summary judgment on the issue of the breach of the finder fee agreement.
 
 
 7
 We further agree with the district court that Piatti failed to provide sufficient evidence to overcome the motion for summary judgment on his claim for intentional interference with contractual relations. First, this cause of action is available only if defendants knew of the existence of the contract at the time of the alleged interference. Wolf v. Perry, 339 P.2d 679, 681 (1959). Plaintiff failed to present any evidence indicating CVC or Powers were aware of the employment agreement between ILI and Piatti at the time they allegedly induced ILI to breach that contract. Further, liability will not be imposed for intentional interference with an existing contract unless plaintiff demonstrates defendants acted without privilege. See LaFevre v. Space Communications Co., 771 F.2d 421, 423 (10th Cir.1985). Interference with contract is privileged if it is a good faith assertion to defend legally protected interests the defendant believes may otherwise be impaired or destroyed by performance of the contract. Id. This privilege can be defeated only if the actor's sole motive in taking the otherwise privileged action was to harm the plaintiff. Id. The record indicates CVC refused to invest in ILI while plaintiff was associated with the company because it did not believe it would be economically beneficial to do so. Plaintiff failed to present any evidence indicating Powers and CVC intended to do anything but protect their financial interests by refusing to invest in ILI while plaintiff was involved with the company. We agree with the district court that there are no material facts in dispute with respect to either of the issues on appeal. The order of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3