**VIRGINIANS AGAINST A CORRUPT CONGRESS, et al., Plaintiffs,**

v.

**Congressman James P. MORAN, Defendant.**

**Civ. A. No. 92–2120–LFO.**

United States District Court, District of Columbia.

Nov. 2, 1992.

Richard A. Samp, C. Douglas Welty, Welty & Blair, Arlington, for plaintiffs.

Steven R. Ross, Michael L. Murray, Richard P. Stanton, U.S. House of Representatives, Washington, D.C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

An Order issued earlier this date referred to a Memorandum to be filed. This is that Memorandum.

### I. Background

This action is a constitutional challenge to certain mailings made by a member of Congress under the franking privilege to residents outside his current Congressional district. Defendant James P. Moran is presently a member of the United States House of Representatives from Virginia's Eighth Congressional District. Plaintiffs are supporters of Kyle McSlarrow, Moran's challenger in the 1992 election. Plaintiffs challenge defendant's out-of-district franked mailings under the First and Fifth Amendments to the Constitution.

Because of recent redistricting as a result of the 1990 census, portions of Virginia including Arlington County and the McLean sections of Fairfax County have been added to the Eighth District beginning with the 1992 election. Plaintiffs allege that between September 1991 and June 1992, defendant sent significant quantities of unsolicited mailings to residents in these future Eighth District areas—residents who were not defendant's constituents at the time, but who would become his constituents if he won the 1992 election. These mailings were made pursuant to the Congressional franking privilege and were therefore paid for by the taxpayer. Indeed, as plaintiffs concede, such mailings to areas added to a constituent's district by redistricting were explicitly authorized by the franking statute at the time they were made. 39 U.S.C. § 3210(d)(1)(B) (1980 & 1992 Supp.) (repealed). On July 30, 1992, a divided panel of the Court of Appeals declared 39 U.S.C. § 3210(d)(1)(B) unconstitutional under the First and Fifth Amendments to the Constitution. The panel issued three unpublished opinions in summary form. *Coalition to End the Permanent Congress v. Runyon,* 971 F.2d 765 (D.C.Cir.1992). Congress thereafter repealed § 3210(d)(1)(B). *See* Legislative

Branch Appropriations Act for Fiscal Year 1993, Pub.L. No. 102–392, § 309(a) (October 6, 1992).

Plaintiffs maintain that defendant's out-of-district franked mailings have given him an unfair advantage over his opponent in the election campaign and have hindered plaintiffs' efforts to work for and elect their chosen candidate. They seek a declaratory judgment that defendant has violated plaintiffs' First and Fifth Amendment rights. They also seek ultimately an injunction requiring defendant to repay to the U.S. Treasury the costs incurred by the federal government in printing and distributing the mailings, but do not press for decision on it now. Rather, they focus on a declaratory judgment in order that it be available to voters in the defendant's new district and to the public generally. In addition, plaintiffs argue that such a judgment would dissuade Congress from reenacting a version of 39 U.S.C. § 3210(d)(1)(B).

Defendant has moved to dismiss the action on the grounds of lack of subject matter jurisdiction, lack of standing and official immunity. Plaintiffs have moved for partial summary judgment on the issue of declaratory relief. For the reasons stated below, defendant's motion to dismiss will be granted and plaintiffs' motion for partial summary judgment will be denied.

## II. Conclusions of Law

■ 1. Plaintiffs have failed to exhaust the administrative remedy specifically provided by Congress in 2 U.S.C. § 501(e). That statute authorizes the House Commission on Congressional Mailing Standards to entertain and act on complaints about a violation of the statute relating to the Franking Act "or any other Federal law which does not include any criminal penalty" relating to franking. By any rational definition the Constitution is an element of federal law. Moreover, the statute elsewhere provides that

> no court or administrative body in the United States or in any territory thereof shall have jurisdiction to entertain any civil action of any character concerning or related to a violation of the franking laws *or an abuse of the franking privilege* by any person ... entitled to send mail as franked mail, except judicial review of the decisions of the Commission under this subsection.

2 U.S.C. § 501(e) (emphasis added). In my view, an unconstitutional use of the franking privilege would be an abuse of it, cognizable by the Commission and subject to appellate review in the Court of Appeals and the Supreme Court. Nor can I say that it was futile to refer this matter (at the time it was filed in this Court) to the Commission created by Congress to resolve such matters and consisting of members of Congress sworn, like judges, to uphold the Constitution. *See McCarthy v. Madigan*, — U.S. —, ————, 112 S.Ct. 1081, 1087–88, 117 L.Ed.2d 291 (1992).

■ 2. The defendant is entitled to qualified immunity. There was no clearly established constitutional right violated by defendant at the time of the disputed actions. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The Court of Appeals panel's opinions in *Runyon* might well be respected as a matter of comity by a Commission of a coordinate Branch, but that Court's rules preclude reliance upon it as precedent here. *See* D.C. Circuit Rule 11(c) (unpublished opinions not to be cited as precedent). The cases which limit qualified immunity to damage claims did not involve members of Congress. *See, e.g., Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738; *Wood v. Strickland*, 420 U.S. 308, 314 n. 6, 95 S.Ct. 992, 996 n. 6, 43 L.Ed.2d 214 (1975). While the Speech or Debate Clause might not apply directly to the mailings at issue, *see United States v. Brewster*, 408 U.S. 501, 512, 92 S.Ct. 2531, 2537, 33 L.Ed.2d 507 (1972), it does inform the immunity analysis with a realization of the importance of shielding members of Congress from burdensome lawsuits for their past official actions.

■ The injunction sought is functionally a claim for damages, and should be treated as such. *See, e.g., Kozera v. Spirito*, 723 F.2d 1003, 1008 (1st Cir.1983); *United States v. City of Kansas City*, 761 F.2d 605, 608 (10th Cir.1985). Indeed, even

though the requested injunctive relief is labelled "equitable restitution," immunity applies because plaintiffs essentially ask for compensation for past official conduct "at a time when [defendant] was under no court-imposed obligation to conform to a different standard." *Edelman v. Jordan*, 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974) (treating claim for "equitable restitution" as damages claim for purposes of sovereign immunity).

Reading the qualified immunity doctrine in light of the Speech or Debate clause, and the political environment in which this case was brought, I also hold that defendant is entitled to qualified immunity from responding to a retrospective, compensatory declaratory judgment action, which is in reality a prayer for an advisory opinion in the midst of an election campaign.

 3. Even if there were no such immunity, I would deny the declaratory judgment as a matter of discretion. Whether to grant a declaratory judgment is a matter committed to the discretion of the Court, and a number of factors support the denial of such a remedy here. First, it is settled that a declaratory judgment is properly denied when the disputed practice has ended, such as through the repeal of a challenged statute. *Community for Creative Non–Violence v. Hess*, 745 F.2d 697, 700–01 (D.C.Cir.1984). Here, the offending statute has been repealed, and it is undisputed that defendant did not send any of the challenged mailings after the Court of Appeals declared the statute unconstitutional. Second, declaratory judgments should also be denied when they would serve no useful and proper purpose. *See, e.g., LeFevre v. Space Communications Co.*, 771 F.2d 421, 424 (10th Cir.1985). To the extent that plaintiffs seek prospective or future relief, the issue is moot since the practice has ended. On the other hand, to the extent that plaintiffs seek a form of compensation for defendant's conduct, the considerations of official immunity discussed earlier counsel against relief. Finally, the public interest and prudential considerations play a role in the Court's exercise of discretion. *National Wildlife*

*Federation v. United States*, 626 F.2d 917, 924 (D.C.Cir.1980). Courts must be particularly careful not to get involved in purely political matters that do not raise a genuine need for clarification of the parties' *legal* rights. As Judge Posner has explained:

The plaintiff in a declaratory-judgment action is not seeking immediate relief, and judges ought to be alert to the possibility that he may by trying to enlist them in a tactical maneuver undeserving of the expenditure of federal judicial resources.

*Crowley Cutlery Co. v. United States*, 849 F.2d 273, 279 (7th Cir.1988). *See also Rose v. FEC*, 608 F.Supp. 1 (D.D.C.), *rev'd without opinion*, No. 84–5719 (D.C.Cir. Oct. 24, 1984).

The offending statute has been repealed and the disputed practice has ended. The prospect that a district court declaratory judgment, without more, would bar Congress's re-enactment of 39 U.S.C. § 3210(d)(1)(B) is fanciful. Even if it would, plaintiffs have failed to show sufficient likelihood of such a re-enactment to warrant an equitable remedy. Therefore, there is no useful purpose to be served by a declaratory judgment which, as stated, would be tantamount to an advisory opinion.

### ORDER

For the reasons stated from the bench, to be more fully stated in a Memorandum to be filed, it is this 2nd day of November, 1992, hereby

ORDERED: that defendant's motion to dismiss is GRANTED; and it is further

ORDERED: that plaintiffs' motion for partial summary judgment is DENIED as moot; and it is further

ORDERED: that plaintiffs' motion for expedited discovery is DENIED as moot; and it is further

ORDERED: that defendant's motion to amend the summons is DENIED as moot.